**WESTMORELAND COUNTY,**
Petitioner

v.

**WORKERS' COMPENSATION
APPEAL BOARD (FULLER),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 2007.
Decided Jan. 24, 2008.

William C. Gallishen, Sr., Greensburg, for petitioner.

Neil J. Marcus, Monongahela, for respondent.

Before LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this workers' compensation appeal, Westmoreland County (Employer) asks whether the Workers' Compensation Appeal Board (Board) erred in affirming a Workers' Compensation Judge's decision (WCJ), which, following a remand, denied its termination petition. Employer contends the WCJ erred in determining the testimony of its medical expert was incompetent to support a termination of benefits. It also argues the Board erred in initially remanding this matter after a WCJ granted its termination petition. Discerning no merit in these assertions, we affirm.

Mary Fuller (Claimant) worked for Employer as a certified nurses' aide. In September 1994, she sustained a work injury while moving a patient. Employer issued a notice of compensation payable (NCP) accepting liability for a lumbar strain.

In December 1998, Employer filed a termination petition alleging Claimant fully recovered from her work injury. In September 2000, WCJ Ada Guyton denied the

petition. In so doing, WCJ Guyton credited Claimants medical experts testimony that Claimant had not fully recovered from her work injury and could not return to work at her pre-injury position. Within her finding crediting Claimants doctors testimony, WCJ Guyton indicated Claimants doctor diagnosed a herniated L4–5 disc and post-traumatic lumbar radiculopathy at the L–5 level that were caused or aggravated by her September 1994 work injury. While noting the NCP described the injury as a lumbar strain, WCJ Guyton did not formally amend the NCP to include a herniated L4–5 disc and lumbar radiculopathy.[1] Employer did not appeal this decision.

In November 2003, Employer filed a second termination petition alleging Claimant fully recovered from her work injury as of October 30, 2003. In support of its termination petition, Employer presented the testimony of a medical expert who opined Claimants work injury consisted of a back strain, but did not include a herniated L4–5 disc or lumbar radiculopathy. Nevertheless, Employers medical expert opined Claimant fully recovered from her September 1994 work injury and could return to work without restrictions. Ultimately, WCJ Irving Bloom issued a decision in which he determined Employer met its burden of proving Claimant fully recovered from her work injury as of October 30, 2003. Thus, WCJ Bloom granted Employers termination petition. Notably, WCJ Bloom drew an adverse inference based on Claimants failure to testify or to present the deposition testimony of her treating physician.

Claimant appealed to the Board, asserting, among other things, WCJ Bloom erred in drawing an adverse inference based on her failure to testify or present the testimony of her treating physician. She argued WCJ Bloom's off the record actions led her to believe it was not necessary to testify or present the testimony of her treating physician. Specifically, Claimant asserted WCJ Bloom stated off the record that he considered the testimony of Claimant's chiropractor very credible, that Employer should consider this, and that it would not be necessary for Claimant to testify. In support of these assertions, Claimant submitted sworn affidavits by herself and her counsel. Thus, Claimant sought a remand to present further testimony.

Ultimately, the Board vacated WCJ Bloom's decision granting the termination petition and remanded the matter to afford Claimant the opportunity to present further testimony.[2]

On remand, the Bureau of Workers Compensation reassigned the termination petition to WCJ Guyton. WCJ Guyton allowed Claimant to present additional testimony,[3] reevaluated the evidence and made entirely new findings of fact and conclusions of law. Based on the findings in her prior decision on Employers first termination petition, WCJ Guyton determined Claimants work injury included a herniated L4–5 disc and post-traumatic lumbar radiculopathy at L–5. She further determined the testimony of Employers

---

1. The WCJ may modify an NCP if it is materially incorrect or if the disability of the claimant changed, pursuant to Section 413 of the Workers Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771.

2. Employer appealed the Boards remand order to this Court, and we quashed the appeal as interlocutory and not immediately appealable. *See* Pa. R.A.P. 311(f).

3. While Claimant testified before WCJ Guyton, neither party presented additional medical evidence.

medical expert was insufficient to support a termination of benefits. Specifically, WCJ Guyton determined Employers medical expert opined Claimants work injury did not include a herniated L4–5 disc or lumbar radiculopathy, did not testify she fully recovered from a herniated L4–5 disc and radiculopathy, and did not testify she no longer exhibited clinical findings consistent with a herniated L4–5 disc or radiculopathy. Thus, WCJ Guyton denied Employers termination petition.[4]

Employer appealed, and the Board affirmed. This appeal followed.

On appeal,[5] Employer raises two issues. First, it asserts the WCJ erred in determining its medical experts testimony was insufficient to support a termination of benefits. In addition, Employer argues the Board erred in initially remanding this matter following WCJ Blooms decision granting its termination petition.[6]

Employer first contends the WCJ erred in determining the testimony of its medical expert, Dr. D. Kelly Agnew (Employer's Physician) was legally insufficient to support a termination. Employer's argument is two-fold.

First, Employer asserts WCJ Guyton erred in determining her prior decision denying its first termination petition expanded the scope of the recognized work injury to include a herniated L4–5 disc and lumbar radiculopathy. It argues this Court's recent decisions make clear, in the context of a termination petition, a WCJ's "comments" about an injury being different from the description of the injury in an NCP is irrelevant to the issue of whether a claimant fully recovered from a recognized work injury. See Temple Univ. Hosp. v. Workers' Comp. Appeal Bd. (Sinnott), 866 A.2d 489 (Pa.Cmwlth.2005); City of Phila. v. Workers' Comp. Appeal Bd. (Smith), 860 A.2d 215 (Pa.Cmwlth.2004). Employer asserts such comments do not expand the description of the injury, and do not change an employer's burden of proving a full recovery from the acknowledged injury. See Commercial Credit Claims v. Workmen's Comp. Appeal Bd. (Lancaster), 556 Pa. 325, 728 A.2d 902 (1999).

In any event, Employer maintains, even if the WCJ's earlier decision expanded the description of the injury, its Physician's testimony is still legally sufficient to support a termination. More specifically, Employer points to its Physician's opinion that

---

4. Claimant also filed a penalty petition alleging Employer violated the Act by not reinstating compensation after October 30, 2003, and not paying interest on past due benefits after the Board vacated WCJ Blooms order. Employer does not challenge the grant of the penalty petition in this appeal.

5. Our review is limited to determining whether necessary findings were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.), 873 A.2d 25 (Pa.Cmwlth.2005).

6. In workers' compensation proceedings, the WCJ is the ultimate finder of fact. Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works), 862 A.2d 137 (Pa.Cmwlth.2004). As fact-finder, matters of credibility, conflict-

ing medical evidence and evidentiary weight are within her exclusive province. Boleratz v. Workers' Comp. Appeal Bd. (Airgas, Inc.), 932 A.2d 1014 (Pa.Cmwlth.2007). The WCJ is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. Williams. If the WCJ's findings are supported by substantial evidence, they are binding on appeal. Agresta v. Workers' Comp. Appeal Bd. (Borough of Mechanicsburg), 850 A.2d 890 (Pa.Cmwlth. 2004). It is irrelevant whether there is evidence to support contrary findings; the relevant inquiry is whether substantial evidence supports the WCJ's necessary findings. Hoffmaster v. Workers' Comp. Appeal Bd. (Senco Prods., Inc.), 721 A.2d 1152 (Pa.Cmwlth. 1998).

Claimant fully recovered from "any low back injury sustained on September 17, 1994." It maintains this testimony is sufficient to support a determination that Claimant fully recovered. *See Jackson v. Workers' Comp. Appeal Bd. (Res. for Human Dev.),* 877 A.2d 498 (Pa.Cmwlth. 2005); *To v. Workers' Comp. Appeal Bd. (Insaco, Inc.),* 819 A.2d 1222 (Pa.Cmwlth. 2003).

■ To succeed in a termination petition, an employer bears the burden of proving by substantial evidence that a claimant's disability ceased, or any remaining conditions are unrelated to the work injury. *Gillyard v. Workers' Comp. Appeal Bd. (Pa. Liquor Control Bd.),* 865 A.2d 991 (Pa.Cmwlth.) *(en banc), appeal denied,* 584 Pa. 703, 882 A.2d 1007 (2005). An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from her work-related injuries. *Id.*

■ We first consider whether the WCJ Guyton's decision denying Employer's first termination petition operated to expand the scope of the NCP to include a herniated L4–5 disc and lumbar radiculopathy. Under Section 413(a) of the Act, an NCP can be amended in two ways. One way is for a claimant who is claiming benefits should not be terminated based on injuries that are related to, but distinct from a recognized injury, to file a petition to modify the NCP pursuant to 77 P.S. § 772,

which is treated the same "as if such petition were an original claim petition." 77 P.S. § 773; *see also Jeanes Hosp. v. Workers' Comp. Appeal Bd. (Hass),* 582 Pa. 405, 872 A.2d 159 (2005).

■ The second way to modify an NCP does not require a petition to modify be filed; rather, a WCJ is authorized to modify an NCP in the course of proceedings under any petition pending if it is established the NCP was materially incorrect when issued and the claimant, who has the burden, establishes she suffered additional work-related injuries. 77 P.S. § 771. *Samson Paper Co. & Fidelity Engraving v. Workers' Comp. Appeal Bd. (Digiannantonio),* 834 A.2d 1221 (Pa.Cmwlth. 2003). However, the WCJ does not have the authority under this approach to include injuries that developed over time as a result of the injury; instead, only injuries that existed at the time the NCP was issued may be addressed. *Smith.*[7]

■ However, even though the NCP was not formally amended, once the WCJ found in the first termination petition that Claimant suffered a herniated L4–5 disc and lumbar radiculopathy, those became accepted injuries. Indeed, in *Gillyard,* we held that where the WCJ's findings in a termination petition were based on non-recovery from work injuries not accepted in the NCP, those injuries became part of the accepted injury. To prevail in a later termination petition the employer had to

7. The only exception to these two methods is where the claimant's added disability arises as a natural consequence of the work injury. *Campbell v. Workmen's Comp. Appeal Bd. (Antietam Valley Animal Hosp.),* 705 A.2d 503 (Pa.Cmwlth.1998) (i.e., a work-related wound becomes infected leading to other disabilities). Where the later injury is similar in kind to that described in the NCP, the employer still bears the burden of disproving the causal relationship even where the precise injuries are not listed in the NCP. *Cerro Metal Prods.*

*Co. v. Workers' Comp. Appeal Bd. (Plewa),* 855 A.2d 932 (Pa.Cmwlth.2004). Here, neither of the injuries upon which termination was initially denied (herniated L4–5 disc and lumbar radiculopathy), were a natural consequence of the lumbar sprain; rather, they were separate and distinct injuries. *See Smith,* 860 A.2d at 223. ("A lower back strain is not the same as disc herniation and lumbar radiculopathy. They are separate and discrete conditions.") As such, this exception is inapplicable.

establish the claimant recovered from those injuries. Essentially, we held that by denying a termination petition based on injuries not accepted in the NCP, the WCJ implicitly amended the notice under Section 413 of the Act to include the injuries as part of the NCP.

That is what occurred here. In denying Employer's first termination petition, when the WCJ accepted the herniated L4–5 disc and lumbar radiculopathy as caused or aggravated by the work injury, she implicitly amended the NCP to include those injuries. As such, entitlement to a termination of benefits required Employer to establish Claimant recovered from those injuries. Thus, we consider whether the WCJ correctly determined Employer's Physician's testimony was legally insufficient to meet this burden. Upon review, we agree with the WCJ that Employer's Physician's testimony is not competent to meet this burden.

This Court consistently holds a medical opinion that does not recognize the work-relatedness of an injury previously determined to be work-related is insufficient to support a termination of benefits. *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.),* 936 A.2d 1195 (Pa.Cmwlth.2007); *Gillyard; GA & FC Wagman, Inc. v. Workers' Comp. Appeal Bd. (Aucker),* 785 A.2d 1087 (Pa.Cmwlth.2001); *Noverati v. Workers' Comp. Appeal Bd. (Newtown Squire Inn),* 686 A.2d 455 (Pa.Cmwlth. 1996). For example, in *Elberson,* the employer issued an NCP describing the claimant's work injury as a herniated nucleus pulposus (HNP) at L4–5. Several years later, the employer filed a termination petition alleging the claimant fully recovered from her work injury. In support of its termination petition, the employer presented expert medical testimony that did not recognize the accepted work injury. Rather, the employer's medical

expert expressed his belief that claimant sustained a sprain or strain of her back as a result of the work incident. Nevertheless, the employer's medical expert also opined there was no clinical evidence of any abnormality in the claimant's spine. We held this testimony was insufficient to support a termination, stating:

> In this case, [the employer's medical expert] never recognized that [the] [c]laimant suffered from the HNP at L4–5 because he thought that the work injury was a sprain or strain of her back. Even though he testified that there was no clinical evidence of any "abnormality" in [the] [c]laimant's spine, without recognizing the specific work-related injury, [the employer's medical expert's] opinion is insufficient to support that she had fully recovered from a specific work-related injury. At a bare minimum, the expert must know what the accepted work-related injury was to be competent to testify that a claimant has fully recovered from a work-related injury. Accordingly, because the WCJ and the Board improperly relied on [the employer's medical expert's] opinion in granting [the] [e]mployer's termination petition, the WCJ's order is reversed.

*Id.* at 1199–1200. (citation and footnotes omitted).

■ Here, the WCJ determined:

This [WCJ] finds [Employer's Physician's] opinion to be insufficient to support a termination.... [Employer's Physician] opined, based on his interpretation of [Claimant's] imaging studies, that she did not have a herniated disc. However, this [WCJ] previously determined that [Claimant] had a herniated L–5 disc and lumbar radiculopathy. Thus, since [Employer's Physician] testified that she did not have the recognized injury (the herniated lumbar disc) and did not testify that she was fully recov-

ered from the herniated disc or that she no longer exhibited findings consistent with herniated lumbar disc and radiculopathy, even though he did not agree with the diagnosis, his testimony cannot support a termination of benefits.

WCJ Op., 6/16/06, Finding of Fact (F.F.) No. 18. Our review of Employer's Physician's testimony discloses ample support for the WCJ's determination. More particularly, Employer's Physician opined Claimant's work injury was most aptly characterized as a "low-energy back injury" that "would most appropriately be called a strain." Reproduced Record (R.R.) at 259a. He further opined MRI studies performed on Claimant revealed no disc herniation. R.R. at 263a. In addition, Employer's Physician opined his physical examination, including Claimant's performance of straight leg raises, was negative for radicular symptoms. R.R. at 265a. Thus, we agree with the WCJ that, because Employer's Physician did not recognize the herniated L4–5 disc or lumbar radiculopathy as related to the work injury, his testimony is legally insufficient to support a termination of benefits. *Elberson; Gillyard; Wagman; Noverati.*

Moreover, our decisions in *To* and *Jackson*, relied on by Employer, do not compel a different result. First, in *To*, we rejected the argument that an employer's doctor's testimony was incompetent to support a termination of benefits where the doctor opined "he was unable to see how the work injury could possibly happen." *Id.* at 1225. In *To*, the employer's doctor further opined, based on his review of the claimant's history and medical records as well as his physical examination, there was no evidence of medical impairment and the claimant made a full recovery from any injury sustained on the date of the work incident.

Here, unlike in *To*, Employer's Physician did not merely question how the inju-

ries at issue could have occurred; rather, he opined Claimant did not suffer a herniated L4–5 disc or lumbar radiculopathy. Thus, although Employer's Physician opined Claimant fully recovered from any low back injury sustained on the date of the work incident, he did not accept Claimant's herniated L4–5 disc or lumbar radiculopathy, which WCJ Guyton deemed work-related, were, in fact, related to the work incident. Therefore, Employer's Physician's testimony is legally insufficient to support a termination of benefits.

In addition, in *Jackson*, we rejected a claimant's attack on the competency of an employer's doctor's testimony. There, contrary to a stipulation by the parties, the employer's doctor did not acknowledge the claimant suffered a disabling knee injury. However, the doctor "specifically went on to opine, in the alternative and *based on the assumption that [the claimant] had suffered a knee injury, that 'it resolved.'*" *Jackson*, 877 A.2d at 503 (emphasis added) (citation omitted). Based on this testimony, we explained, "[t]hus, as in *To*, [the employer's doctor's] opinion did consider the 'established facts,' and he opined, based on those facts, that [the claimant] fully recovered from [her knee injury]...." *Id.*

Here, unlike in *Jackson*, Employer's Physician was never asked to assume the herniated L4–5 disc and lumbar radiculopathy were work-related; therefore, he never offered an opinion Claimant fully recovered from these injuries. Thus, unlike the employer's doctor in *Jackson*, here Employer's Physician did not consider the "established facts" regarding the nature of Claimant's work injuries. As such, we agree with the WCJ that his testimony is incompetent to support a termination of benefits.

Employer next asserts the Board erred in remanding this matter after WCJ Bloom initially granted its termination pe-

tition. It also asserts the Board compounded this error by failing to fully address its initial decision to remand in its second decision. Employer further contends the Board improperly remanded this matter on the grounds the "interests of justice" warranted a remand. It maintains the "interests of justice" standard is inapplicable in the remand setting; rather, that standard only applies where a rehearing is sought. Additionally, Employer argues that in deciding to remand this matter, the Board erred in relying on affidavits attached to Claimant's brief that were not part of the record.

Initially, we reject Employer's assertion that the "interests of justice" standard is inapplicable in the remand setting. In *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 557, 539 A.2d 792, 794 (1988), our Supreme Court stated, to the extent justice so requires, "[t]he Board has *broad* powers to grant a rehearing." *Cudo* involved a remand pursuant to Section 426 of the Act, 77 P.S. § 871, which governs remands by the Board *after* the Board decision has been rendered, and provides a rehearing may be granted "upon cause shown."

Although *Cudo* involved a rehearing under Section 426 after the Board rendered a decision, in *Joseph v. Workmen's Compensation Appeal Board (Delphi Co.)*, 522 Pa. 154, 159, 560 A.2d 755, 757 (1989), the Supreme Court held that where the Board had not yet rendered a decision "the power to remand in the interest of efficient and fair resolution of claims is even more compelling than in cases where a decision has previously been rendered." The Court de-

termined it would have been unjust for the Board to proceed with a review of a WCJ decision after having been informed of a notable error. The Act gives the Board broad power to grant a remand or rehearing "when justice requires." In addition, in *Puhl v. Workers' Compensation Appeal Board (Sharon Steel Corp.)*, 724 A.2d 997, 1000 n. 4 (Pa.Cmwlth.1999), "we recognize[d] that our courts have frequently analyzed remand issues under the same standards used in [S]ection 426 rehearing cases." [8]

Further, in *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 20, 742 A.2d 649, 653 (1999) (emphasis added), our Supreme Court explained:

> [T]he Court has held that the Board has the ability to grant a rehearing in appropriate circumstances where the interests of justice require. *See Cudo* 517 Pa. at 557, 559, 539 A.2d at 794–95; *Joseph,* 522 Pa. at 158–59, 560 A.2d at 756–57. Nevertheless, the Board's power is not limitless but must be exercised in a manner that is generally consistent with the policies and provisions of the Act. *Additionally, in order to allow for appropriate review, the Board may not rest a decision to grant a rehearing solely upon the fact that it has broad powers to do so, but instead, must specify the basis for its determination.*

▮ Here, we discern no abuse of discretion in the Board's decision to remand this matter after WCJ Bloom's initial decision granting Employer's termination petition. In his decision granting Employer's

---

**8.** We also reject Employer's argument that remand is proper only for the following reasons: where findings are not supported by substantial evidence; where the fact-finder failed to make a finding on a crucial issue; where findings are unclear; and where findings do not clearly set forth the basis of a claim. Employer relies on *Budd Co. v. Work-*

*ers' Compensation Appeal Board (Kan)*, 858 A.2d 170 (Pa.Cmwlth.2004) (Simpson, J.) for this position.

That case does not support such a result. *Budd Co.* did not involve a remand "when justice requires." As a result, the list of reasons for remand was illustrative rather than exhaustive.

termination petition, WCJ Bloom made the following finding:

> This [WCJ] specifically notes that the [C]laimant failed to testify on her own behalf in this case and failed to call her treating physician to testify on her behalf. Adverse inferences are drawn by this Judge because of these failures.

WCJ Op., 9/21/04, Finding of Fact No. 8.

In her appeal to the Board challenging the grant of Employer's termination petition, Claimant argued the WCJ erred in drawing adverse inferences because the WCJ, through off the record statements, led her to believe presentation of this evidence was unnecessary. In support, Claimant attached to her brief sworn affidavits from both herself and her counsel indicating WCJ Bloom made remarks that led her to believe it was unnecessary for her to testify or to take the deposition of her treating physician. R.R. at 156a–59a. The affidavits also indicate WCJ Bloom suggested he was inclined to resolve the termination petition in Claimant's favor. *See* R.R. at 157a. Based on Claimant's arguments and these sworn affidavits, the Board issued a decision in which it explained its reasons for remand:

> Claimant appeal[s] arguing the [WCJ] erred by drawing an adverse inference from Claimant's failure to testify and from Claimant's failure to present the testimony of [her treating physician]. Specifically, Claimant contends that the [WCJ's] off the record actions led her to believe that it was not necessary for her to testify or present the testimony of [her treating physician], as the [WCJ] stated off the record that he considered the testimony of [Claimant's chiropractor] very credible, that [Employer] should consider this, and that it would not be necessary for Claimant to testify. In support of her argument, Claimant submitted sworn affidavits by herself and her counsel. Claimant requests a remand to present further testimony because the [WCJ's] off the record actions affected her presentation of evidence....
>
> If the [WCJ] made off the record statements giving Claimant the impression the Termination Petition would be decided in her favor and that she did not need to present further evidence, and Claimant relied on these statements in choosing not to testify, or present the testimony of [her treating physician], Claimant may have been unfairly prejudiced. Under these circumstances, we determine the humanitarian purposes of the Act necessitate a remand. Consequently, we vacate the Decision of the [WCJ] granting the Termination Petition, and remand this case to the [WCJ] for Claimant to be afforded the opportunity to present further testimony.

Bd. Op., 7/13/05 at 3, 4–5 (citations and footnote omitted). Based on our review of the record, we discern no abuse of discretion in the Board's analysis. Thus, we believe the Board properly remanded this matter in the "interests of justice."

■ We further reject Employer's contention that the Board erred in considering as evidence the sworn affidavits of Claimant and her counsel on the ground these documents were not properly part of the record. Contrary to Employer's assertions, it is apparent from the Board's decision these sworn affidavits were considered as *an offer of proof* as to why a remand was warranted, *not* as evidence. *See* Bd. Op. at 4 (*"If* the [WCJ] made off the record statements giving Claimant the impression the Termination Petition would be decided in her favor and that she did not need to present further evidence, and Claimant relied on these statements in choosing not to testify, or present the testimony of [her treating physician], Claimant *may have been* unfairly prejudiced. Under these circumstances, we determine

the humanitarian purposes of the Act necessitate a remand.") (Emphasis added). While not required, we believe it was entirely appropriate for Claimant to submit these sworn affidavits as an offer of proof to support her remand request. *See, e.g., Commonwealth v. Hitner,* 910 A.2d 721 (Pa.Super.2006), *appeal denied,* 592 Pa. 772, 926 A.2d 441 (2007) (bald allegation that remand is necessary is insufficient without some offer of proof). As such, we discern no error in the Board's consideration of the affidavits.

In short, we discern no abuse of discretion in the Board's decision to remand this matter based on Claimant's arguments and the sworn affidavits submitted in support of her arguments.

Based on the foregoing, we affirm.

### ORDER

AND NOW, this 24th day of January, 2008, the order of the Workers' Compensation Appeal Board if **AFFIRMED.**