IN THE COMMONWEALTH COURT OF PENNSYLVANIA

NFI Industries, Inc. and Gallagher : 
Bassett Services, Inc., : No. 2314 C.D. 2015
 : Submitted: May 6, 2016
Petitioners :
 :
v. :
 :
Workers' Compensation Appeal :
Board (Romero), :
 :
Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                FILED:  August 2, 2016


NFI Industries (Employer) and its third party administrator petition for review of the October 28, 2015 order of the Workers' Compensation Appeal Board (Board) reversing the decision of a workers' compensation judge (WCJ), that granted Employer's termination petition of the benefits payable to Pedro Romero (Claimant) under the Pennsylvania Workers' Compensation Act (Act).[1] Because Employer failed to present unequivocal medical evidence of Claimant's full recovery from his accepted work-related injury, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1041.4, 2501-2708.

On July 15, 2010, Claimant injured his back while in the course and scope of his employment as a truck driver, and began receiving benefits pursuant to a WCJ's order adopting the parties' stipulation of injury and disability as a "lumbar spine sprain/strain with L4-5 disc protrusion." Claimant received $596.54 in weekly compensation benefits based on an average, pre-injury weekly wage of $894.81. Reproduced Record (R.R.) at 14a.

On August 13, 2012, Employer filed a termination petition averring that Claimant had fully recovered from his work-related injury as of July 24, 2012.[2] In support of its petition, Employer submitted the deposition testimony, report, and Affidavit of Recovery, of Christopher F. Wagener, M.D., a board-certified orthopedic surgeon, who stated that he examined Claimant on July 24, 2012. R.R. at 31a-79a.

Dr. Wagener testified that Claimant provided a history at the examination, through a translator, reporting that he sustained the work-related injury while unloading a truck and carrying multiple heavy items, when he felt low back pain that progressed into bilateral lower extremity numbness and tingling in his feet. R.R. at 39a. He stated that Claimant reported that he received chiropractic and physical therapy under the care of Gene Levinstein, M.D., who performed epidural steroid injections and medial branch blocks. R.R. at 39a-40a. Additionally, Dr. Wagener said Claimant reported he was on several medications, including: the muscle relaxant, Soma; the anti-inflammatory, Mobic; the narcotic pain medication, Vicodin; and the sleeping aid, Ambien. R.R. at 49a-50a.

---

[2] Employer also filed a petition to suspend benefits as of June 11, 2012, alleging that Claimant voluntarily resigned his positon when work remained available. Subsequently, the WCJ dismissed the petition as moot based on Employer's voluntary withdrawal. That issue is not raised on appeal.

2

Dr. Wagener testified that, on the day of the examination, Claimant reported that he was experiencing low back pain without radiating pain and paresthesias on the soles of his feet. He said Claimant reported that he felt these symptoms worsened when sitting for long car rides and when going from a lying down to standing position. In addition, Claimant reported that he felt better with warm, moist compresses, bracing, and using a TENS unit, which Dr. Wagener explained was an external device transmitting electricity through the body between two leads placed on the skin that can potentially stop pain from radiating from the back down into the lower body. R.R. at 40a, 50a.

Dr. Wagener testified that he performed a physical examination on Claimant, and found he was in no apparent distress. He stated Claimant could rise from a seated to standing positon without difficulty, was able to heel and toe walk without balance assistance, and used a stair step to get on the examination table. He said Claimant had minimal tenderness to palpation about the paraspinal muscles; no tenderness to palpation about the bony elements; full flexion and extension of his lumbar spine; negative straight leg raise; full strength in both lower extremities; sensation was intact to light touch; symmetric reflexes; and provocative maneuvers of the sacroiliac joint were within normal limits. R.R. at 41a.

Additionally, Dr. Wagener stated that he reviewed Claimant's medical records, including two separate MRIs. Dr. Wagener said that he found that there was no significant compressive pathology, and no evidence of any significant disc herniation, annular tear, or compressive neurologic lesion. R.R. at 42a-43a.

Dr. Wagener said that Claimant had "a lumbar strain with evidence of radiculitis by history," which had clinically resolved as of the date of the

3

examination. R.R. at 43a-44a. He found no evidence that would corroborate any reason to have lower extremity symptoms. He stated that there was no ongoing compressive pathology, and no evidence of any nerve tension signs. R.R. at 44a.

Dr. Wagener testified that based on his review of Claimant's history and complaints, the physical examination, and his diagnostic impressions, he believed Claimant had fully recovered from his work-related injury and could perform his pre-injury job as a truck driver without restrictions. In addition, Dr. Wagener opined that although he thought the overall treatment Claimant received up until his examination was reasonable and medically necessary, he did not believe Claimant would benefit from additional treatment. R.R. at 44a-46a, 63a.

Dr. Wagener acknowledged that the stipulated work-related injury was a "lumbar spine strain/sprain with an L4-5 disc protrusion," and that he did not rule this in or out, or even mention it in his Affidavit of Recovery. R.R. at 52a, 79a. He recognized that an overlap occurs in the medical field with the use of bulge, protrusion, and herniation, but he thinks of them as "a continuum from best to worst." R.R. at 52a-53a. He stated that a disc protrusion at L4-5 could be a pain generator, and that Claimant reported that he had symptoms of pain. R.R. at 54a.

At the hearing on June 5, 2013, Claimant testified, through an interpreter, that he had been out of work since October 2011, and had not returned to work since November 2011. R.R. at 89a. Claimant stated that, before his work-related injury, he worked as a truck driver, which required him to drive up to 12 hours a day and then unload the truck. R.R. at 91a.

Claimant said that he treats with Dr. Levinstein once a month, where he receives shots on his spine. R.R. at 90a-91a. In addition, Claimant said he is prescribed hydrocodone, zolpidem, carrsoprodol, and meloxicam. R.R. at 90a.

4

Claimant stated that he worked a light-duty job for Employer for approximately 15 months, and that he would try to return to that position if it was offered to him. Claimant said that he does not believe he could perform his pre-work-related injury job as a truck driver because he experiences pain and inflammation in his back and cramps in his feet, cannot sit straight, and can only drive up to three or four hours. Furthermore, he said that his symptoms worsen with sudden movement or if he tries to lift something. R.R. at 91a-92a. He stated that he can do daily activities, sometimes with the help of family and friends, such as bathe, eat, shop, and household chores. R.R. at 93a. Finally, Claimant testified that he has not worked since he left Employer, and that Dr. Levinstein has not released him to return to work without restrictions. R.R. at 93a.

In December 2013, the WCJ issued a decision finding that Employer had met its burden of proving that Claimant had fully recovered from his work-related injury as of July 24, 2012. The WCJ specifically found the testimony of Dr. Wagener to be credible, persuasive, and competent in demonstrating that Claimant's work-related injury had resolved.[3] Moreover, the WCJ found the testimony of Claimant not credible where it conflicted with the testimony and opinions of Dr. Wagener. The WCJ found that Claimant had a soft tissue strain and sprain with an L4-5 disc protrusion that caused nerve symptoms radiating

[3] The WCJ is the ultimate finder of fact and is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 593 A.2d 921, 924 (Pa. Cmwlth.), *appeal denied,* 600 A.2d 541 (Pa. 1991). Witness credibility and evidentiary weight are within the exclusive power of the WCJ and are not subject to appellate review. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 479 A.2d 631, 635 (Pa. Cmwlth. 1984). Further, the party with the burden must meet its burden of production and burden of persuasion in order to prevail. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper),* 645 A.2d 957, 963 (Pa. Cmwlth. 1994).

down both legs, and found that upon Dr. Wagener's clinical evaluation Claimant had no objective findings of radicular symptoms, indicating that the earlier disc protrusion was asymptomatic. Finding the "semantic differences" insignificant between Dr. Wagener's description of the injury and the stipulated description of the work–related injury, the WCJ concluded that Claimant had fully recovered from his work-related injury, whether described as a lumbar sprain and strain with L4-5 disc protrusion or as a lumbar strain with radiculitis, as of July 24, 2012.

Claimant appealed to the Board, arguing that the WCJ erred in granting Employer's termination petition where Employer failed to present unequivocal medical evidence of Claimant's full recovery.[4] Specifically, Claimant argued that the WCJ erred in finding Dr. Wagener competent where he did not address the accepted work-related injury and conceded that Claimant continued to have complaints consistent with his diagnosis of the work-related injury.

The Board reversed the WCJ's decision granting Employer's termination petition, finding Employer failed to present unequivocal medical evidence of Claimant's full recovery from his accepted work-related injury, and that the WCJ improperly rendered an independent medical determination when he did not find the "semantic differences significant" between the accepted work-related injury and Dr. Wagener's diagnosis. *Cromie v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.),* 600 A.2d 677, 679 (Pa. Cmwlth. 1991). The Board found that Dr. Wagener's testimony was not competent when he opined that Claimant had a lumbar strain with radiculitis by history, which had clinically

---

[4] Although the WCJ indicated he had not received a copy of Dr. Levinstein's deposition transcript in a timely fashion, the Board noted that it was part of the certified record, and indicated it was of little consequence since the focus was on whether Employer met its burden through Dr. Wagener.

resolved, and failed to address the accepted work-related injury of a lumbar strain/sprain with L4-5 disc protrusion. Relying on *Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.),* 936 A.2d 1195, 1200 (Pa. Cmwlth. 2007), *appeal denied,* 944 A.2d 752 (Pa. 2008), the Board reasoned that because Dr. Wagener did not recognize the accepted work-related injury, specifically the disc protrusion, Employer failed to present unequivocal medical evidence that Claimant fully recovered from the accepted work-related injury.[5]

On appeal,[6] Employer argues that the Board erred in reversing the WCJ's decision granting Employer's termination petition, where the WCJ found Dr. Wagener's testimony competent and credible that Claimant's work-related injury had resolved by the time of his evaluation. Citing *Westmoreland County v. Workers' Compensation Appeal Board (Fuller),* 942 A.2d 213 (Pa. Cmwlth. 2008), Employer argues that the WCJ has the power to *"sua sponte"* review and modify the characterization of the injury, which the WCJ did when he found that Claimant had fully recovered from the work-related injury, whether described as a lumbar sprain/strain with L4-5 disc protrusion or lumbar strain with radiculitis. In addition, Employer argues that the WCJ's decision is supported by substantial evidence, and that credibility determinations cannot be overturned on appeal.

---

[5] As the Board noted, this is not the type of case where a medical expert was found to be competent when he opined that the claimant fully recovered from *any* work injury that may have been sustained. *See To v. Workers' Compensation Appeal Board (Insaco, Inc.),* 819 A.2d 1222, 1225 (Pa. Cmwlth. 2003).

[6] Our scope of review is limited to determining whether an error of law has been committed, whether constitutional rights were violated, whether Board procedures were followed, or whether necessary findings of fact are supported by substantial evidence. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown),* 830 A.2d 649, 653 n.2 (Pa. Cmwlth. 2003).

7

In a termination proceeding, the employer bears the burden of proving a claimant has fully recovered from his work-related injury. *Udvari v. Workmen's Compensation Appeal Board (USAir. Inc.),* 705 A.2d 1290, 1293 (Pa. 1997). The employer can meet this burden by presenting unequivocal and competent medical evidence of a claimant's full recovery from a work-related injury.[7] *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.),* 595 A.2d 697, 699 (Pa. Cmwlth. 1991). However, "a medical expert's opinion will not support a termination if that medical expert does not acknowledge the accepted work injuries and does not opine full recovery from those injuries." *Hall v. Workers' Compensation Appeal Board (America Service Group),* 3 A.3d 734, 740 (Pa. Cmwlth. 2010).

In *Elberson,* 936 A.2d at 1198-99, the claimant appealed the order of the Board granting the employer's termination petition because the employer's doctor failed to acknowledge the exact injury indicated in the notice of compensation payable (NCP) and testify that the claimant had fully recovered. Although the employer's doctor testified that there was no clinical evidence of any "abnormality" in the claimant's spine, we found his testimony, without recognizing the specific work-related injury, insufficient to establish that the claimant had fully recovered from the specific work-related injury. *Id.* at 1200.

Likewise, in *GA & FC Wagman, Inc. v. Workers' Compensation Appeal Board (Aucker),* 785 A.2d 1087, 1090 (Pa. Cmwlth. 2001), the employer

---

[7] The issue of whether medical evidence is unequivocal and competent is a matter of law subject to plenary, *de novo* review, and not a question of fact or credibility, as Employer assumes. *Terek v. Workmen's Compensation Appeal Board (Somerset Welding & Steel, Inc.),* 668 A.2d 131, 132 (Pa. 1995); *BJ's Wholesale Club v. Workers' Compensation Appeal Board (Pearson),* 43 A.3d 559, 565 (Pa. Cmwlth. 2012).

8

petitioned for review the order of the Board reversing a WCJ's decision to grant the employer's termination petition. As identified in the NCP, the claimant sustained a back injury described as "exacerbation of pseudoarthrosis L4-5" for which he received compensation benefits. The employer's doctor testified that the claimant had "sprained the muscle ligaments in his back" during the work-related accident, and concluded that the claimant had recovered from his work-related injuries. In addition, the employer's doctor agreed that there was pseudoarthrosis at the L4-5 region, and opined that it was of "no consequence." The WCJ found that the opinion of the employer's doctor was not inconsistent with the general nature of the injury described in the NCP, and concluded that the employer met its burden of demonstrating that the claimant had fully recovered from his work-related injury. The Board reversed because the employer's doctor did not testify that the claimant fully recovered from the work-related injury identified in the NCP. We affirmed the Board, agreeing that the employer did not submit unequivocal medical evidence because the employer's doctor did not recognize the accepted work-injury identified in the NCP. As such, we held that, without recognizing the accepted work-related injury, it was impossible for the employer's doctor to provide an opinion that the claimant had fully recovered from the accepted injury. *Id* at 1092.

Although Employer cites to *Fuller* for the proposition that the WCJ has the power to "*sua sponte*" review and modify the characterization of the injury, this is not accurate. In *Fuller,* 942 A.2d at 214, the claimant, working as a certified nurses' aide, sustained a work injury while moving a patient. Accepting liability, the employer issued an NCP for a lumbar strain, and, subsequently, filed a termination petition. In denying the termination petition, the WCJ found that the

9

claimant suffered a herniated L4-5 disc and lumbar radiculopathy as caused or aggravated by the work injury. By doing so, the WCJ "implicitly amended the NCP to include those injuries." Thereafter, the employer filed a second termination petition, and presented the testimony of a medical expert who opined that the claimant's work-injury consisted of only a back strain, and did not address the herniated L4-5 disc or lumbar radiculopathy. The WCJ denied the second termination petition, and the Board affirmed. On appeal, we affirmed the Board's determination that the testimony of the employer's doctor was not competent to meet its burden because the doctor did not address the "accepted injuries" as found by the WCJ during the first termination petition. *Id.* at 217-18.

In *Gillyard v. Workers' Compensation Appeal Board (Pennsylvania Liquor Control Board),* 865 A.2d 991, 992 (Pa. Cmwlth. 2005), the claimant petitioned for review the order of the Board, affirming a decision to terminate the claimant's benefits for a work-injury identified in the NCP as a lower back sprain and strain. The claimant argued that a WCJ had found that the work-related injury was "chronic sciatica at the L5-S1 distribution on the right side with disc bulging at L5-S1," and that the parties were bound by this under the doctrine of collateral estoppel. *Id.* at 995. We reversed, concluding that the employer failed to meet its burden when its doctor opined that the claimant recovered *only* from the lumbar strain and sprain, and did not opine that the claimant fully recovered from the established work-related injury. *Id.* at 996.

Here, the accepted work-related injury, as adopted through the parties' stipulation of injury and disability, was a "lumbar spine sprain/strain with L4-5 disc protrusion." In reversing the WCJ, the Board found as a matter of law that Dr. Wagener did not address the disc protrusion, and did not offer a dispositive opinion

10

that Claimant recovered from the accepted work-related injury. Contrary to Employer's argument, a WCJ is not competent to make an independent, medical diagnosis. *Liveringhouse v. Workers' Compensation Appeal Board (Adecco),* 970 A.2d 508, 514 (Pa. Cmwlth. 2009); *Cromie,* 600 A.2d at 679. Because Dr. Wagener did not acknowledge the accepted work-related injury and did not opine full recovery for that injury, Employer failed to meet its burden of presenting unequivocal and competent medical evidence in support of its termination petition.

Accordingly, the Board's order is affirmed.


MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

NFI Industries, Inc. and Gallagher : 
Bassett Services, Inc., : No. 2314 C.D. 2015
 :
               Petitioners : 
 :
         v. : 
 :
Workers' Compensation Appeal : 
Board (Romero), : 
 :
           Respondent : 


O R D E R


AND NOW, this 2nd day of August, 2016, the order of the Workers'
Compensation Appeal Board dated October 28, 2015, is affirmed.


_____
MICHAEL H. WOJCIK, Judge