# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberly M. Vasser-Watts,    :
      Petitioner  :
            :
  v.        :  No. 1057 C.D. 2017
            :  Submitted: December 1, 2017
Workers' Compensation Appeal  :
Board (Duquesne Light Company), :
      Respondent :

BEFORE: HONORABLE ROBERT SIMPSON, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**     **FILED: January 24, 2018**

    Kimberly M. Vasser-Watts (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision, on remand, of a Workers' Compensation Judge (WCJ). The WCJ granted the termination petition filed by Duquesne Light Company (Employer), and found Claimant recovered from her established work injuries. Claimant contends the Board's decision contains errors of law, in that it relies on expert testimony that is not competent as a matter of law. Upon review, we affirm in part, and reverse in part.

## I. Background

    Claimant worked for Employer as a customer service operator. In September 1996, there was a bomb threat in the workplace. While others evacuated the building, Claimant's supervisor ordered her to stay and answer incoming calls.

After a second bomb threat occurred a month later, Claimant developed symptoms including hair loss and sleeplessness. She was afraid to continue working in the building where the bomb threats occurred. Claimant later returned to work for Employer in a janitorial position in a different building. However, she left that job because of physical problems unrelated to the 1996 bomb threats.

In December 1997, Claimant filed a claim petition seeking workers' compensation medical benefits related to the 1996 bomb threats. In 1999, the WCJ found Claimant sustained three specific mental injuries because of abnormal working conditions created by the 1996 bomb threats: (1) post-traumatic stress disorder (PTSD); (2) major depressive disorder; and, (3) panic disorder. The Board affirmed the WCJ's decision awarding medical benefits for these three injuries.

In August 2011, Employer filed a termination petition, alleging Claimant fully recovered from her work-related injuries. Employer offered expert medical testimony of Stuart S. Burstein, M.D. (Employer's Expert), who is board certified in psychiatry and forensic psychiatry. Reproduced Record (R.R.) at 75a. He conducted an independent psychiatric examination of Claimant in 2011.[1]

Regarding Claimant's PTSD, Employer's Expert acknowledged Claimant suffered PTSD as a result of the workplace bomb threats in 1996. R.R. at 102a. As of the date of his examination of Claimant in 2011, Employer's Expert

---

[1] Claimant presented expert testimony from Alexanndra Kreps, M.D. (Claimant's Expert), board certified in psychiatry, who has treated Claimant since December 1996. Claimant's Expert opined that Claimant continues to have symptoms related to her 1996 work injury. The opinion of Claimant's Expert is not at issue in this appeal.

opined Claimant fully recovered from PTSD. R.R. at 83a, 102a. She no longer exhibited any PTSD symptoms. R.R. at 86a, 91a-93a, 95a-96a. Claimant's current medications were indicated for treating depression, not PTSD. R.R. at 88a-90a.

Regarding Claimant's major depressive disorder, Employer's Expert opined that as of 2011, Claimant had an ongoing mild degree of major depression, but it was not related to her 1996 work injury. R.R. at 91a, 101a-02a. Rather, the remaining mild degree of depression was consistent with chronic pain Claimant experienced as a result of degenerative disc disease, arthritis, and headaches. She developed these conditions during the 10-year period preceding the 2011 examination. R.R. at 79a, 85a. Employer's Expert also opined that Claimant's ongoing depressive symptoms resulted in part from early life experiences. R.R. at 80a, 101a-02a. However, the major contributing factor in Claimant's ongoing symptoms was her chronic pain. R.R. at 91a.

Regarding Claimant's panic disorder, Employer's Expert opined generally that panic disorder does not result from any specific incident. R.R. at 104a. Employer's Expert further opined Claimant suffered from a pre-existing mitral valve prolapse, diagnosed in the 1980s, that might have created palpitations mimicking panic disorder. Id. Employer's Expert did not diagnose a panic disorder based on his examination of Claimant. R.R. at 108a.

The WCJ found Employer's Expert credible and granted the termination petition. The WCJ concluded Claimant's remaining symptoms of depression were unrelated to her work injuries, which the WCJ described as major

3

depressive disorder, anxiety, and PTSD. WCJ's Op., 4/24/13, at 1. Claimant appealed to the Board.

Before the Board, Claimant argued the WCJ erred in accepting the testimony of Employer's Expert. Claimant contended Employer's Expert rejected two established work-related diagnoses, major depressive disorder and panic disorder, rendering his opinion valueless. The Board did not reach this argument. Rather, the Board determined the WCJ based her decision in part on an incorrect injury, anxiety, which was not among the established work injuries. Accordingly, the Board remanded with a directive that the WCJ address the correct established work injury, panic disorder.

On remand, the WCJ again granted the termination petition. The WCJ credited the testimony of Employer's Expert, who found no panic disorder in his 2011 examination of Claimant. Further, the WCJ noted that neither party's medical expert opined that Claimant was presently suffering from a panic disorder. The WCJ posited, without citation to the record, that panic disorder is a form of anxiety disorder. The WCJ found Claimant was not suffering from any anxiety disorder, implicitly including panic disorder, at the time Employer's Expert examined her in 2011.

Claimant again appealed to the Board, renewing her argument that the opinion of Employer's Expert was valueless. The Board affirmed the WCJ's decision. Claimant then filed a petition for review in this Court.

4

## II. Issue

On appeal,[2] Claimant argues the testimony of Employer's Expert was not competent as a matter of law. Employer's Expert testified that Claimant was not suffering from any of the three established work-related injuries at the time of his examination in 2011. Claimant challenges this testimony as inconsistent with established law and the facts of the case.

## III. Discussion

An employer who files a termination petition bears the burden of establishing either that the claimant's disability ceased or that any remaining disability is unrelated to the work injury. Gillyard v. Workers' Comp. Appeal Bd. (Pa. Liquor Control Bd.), 865 A.2d 991 (Pa. Cmwlth.) (en banc), appeal denied, 882 A.2d 1007 (Pa. 2005). An employer may satisfy this burden by submitting unequivocal medical evidence that the claimant fully recovered from the work-related injury. Westmoreland Cty. v. Workers' Comp. Appeal Bd. (Fuller), 942 A.2d 213 (Pa. Cmwlth. 2008). Alternatively, an employer may successfully obtain a termination of benefits if it demonstrates that any remaining disability is caused by a separate condition and is no longer related to the work injury. Noverati v. Workmen's Comp. Appeal Bd. (Newtown Squire Inn), 686 A.2d 455 (Pa. Cmwlth. 1996).

---

[2] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

The WCJ is the ultimate finder of fact in workers' compensation cases. Thus, questions of credibility and evidentiary weight are the exclusive province of the WCJ. A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi), 78 A.3d 1233 (Pa. Cmwlth. 2013). The WCJ may accept or reject the testimony of any witness in whole or in part. Id. However, once a disability has been established, an expert opinion that supports termination by asserting there was never a work-related injury is contrary to established facts. Such an opinion is not competent, as a matter of law. Noverati. Therefore, the WCJ may not terminate benefits in reliance on the testimony of an expert who opines that the claimant's disability is not currently work-related because it was never work-related. Id.

## A. PTSD

Claimant first argues the WCJ erred in crediting the opinion of Employer's Expert that Claimant fully recovered from PTSD. We disagree.

Claimant contends Employer's Expert admitted that Claimant's remaining symptoms as of 2011 fit the diagnostic criteria for PTSD. However, Claimant cites no record support for that assertion. In fact, contrary to Claimant's argument, Employer's Expert repeatedly stated Claimant's current symptoms and treatment regimen did not suggest ongoing PTSD. R.R. at 86a, 88a-93a, 95a-96a.

Although Claimant's argument is not completely clear, she also seems to suggest the WCJ was not permitted to credit the testimony of Employer's Expert, because the expert improperly opined that Claimant's PTSD was never work-related. This suggestion is incorrect. Employer's Expert expressly acknowledged that

6

Claimant suffered from PTSD as a result of the workplace bomb threats. R.R. at 102a. He then opined that Claimant fully recovered from her work-related PTSD. R.R. at 83a, 91a-93a, 100a, 102a. The WCJ found that testimony credible, and we will not disturb that finding. A & J Builders.

## B. Major Depressive Disorder

Next, Claimant argues Employer's Expert improperly rejected an established work-related diagnosis of major depressive disorder. The record does not support this argument.

Employer's Expert did not dispute the diagnosis of major depressive disorder. In fact, he testified that when he examined her in 2011, Claimant had an ongoing mild degree of major depressive disorder. R.R. at 91a, 101a-02a.

Employer's Expert likewise did not suggest that Claimant's depressive disorder was never related to the 1996 bomb threats. Rather, he opined that Claimant's mild degree of depression remaining as of 2011 resulted from a combination of other factors. In large measure, Claimant's depressive symptoms arose as a result of chronic pain from degenerative disc disease she developed over the 10 years preceding 2011, along with arthritis and headaches. R.R. at 79a, 85a-87a, 91a. Employer's Expert noted Claimant also exhibited low level depression symptoms she developed early in her life. R.R. at 80a. Nevertheless, Employer's Expert opined that Claimant's physical pain was the major factor causing ongoing depression, which was common in someone of middle age such as Claimant. R.R.

7

at 91a. The WCJ properly credited that testimony, which was not contrary to law or the established facts.

### C. Panic Disorder

In her final argument, Claimant contends the opinion of Employer's Expert is contrary to law and the established facts with regard to the issue of panic disorder. We agree.

The WCJ based her initial decision in part on her conclusion that Claimant no longer suffered from any work-related anxiety. The WCJ did not address Claimant's panic disorder in that decision. The Board remanded to the WCJ because it found the correct injury at issue was panic disorder, not anxiety. Bd. Op., 9/1/16, at 2-5.

The WCJ sought to harmonize her decision on remand with her prior decision, by positing that panic disorder is a form of anxiety. WCJ Op., 9/30/16, at 9-10. Notably, Employer's Expert did not state that Claimant recovered from panic disorder. Rather, he opined that Claimant fully recovered from any abnormal anxiety. R.R. at 87a-88a. The WCJ equated the resolution of Claimant's work-related anxiety, as described in the testimony of Employer's Expert, with a resolution of work-related panic disorder. See WCJ Op., 9/30/16, at 10.

Employer contends the WCJ properly relied on testimony of Employer's Expert to determine that panic disorder is a form of anxiety. However, Employer cites no record testimony by Employer's Expert to that effect. Further,

8

the WCJ did not rely on any such testimony. Rather, the WCJ cited a publication she referred to as the "Merck Manual, 17th edition"[3] to support her conclusion that panic disorder is a form of anxiety.

This conclusion was contrary to the Board's previous decision. The Board remanded specifically because it concluded that the WCJ considered an incorrect injury by analyzing anxiety rather than panic disorder. See Bd. Op., 2/20/15, at 2-5. Therefore, the WCJ was not free to conclude on remand that anxiety and panic disorder were synonymous.[4] See Green v. Workers' Comp. Appeal Bd. (US Airways), 155 A.3d 140 (Pa. Cmwlth.), appeal denied, 169 A.3d 1081 (Pa.

---

[3] The WCJ did not provide a full citation of the referenced publication. Merck & Co., Inc. publishes a number of manuals, including The Merck Manual of Diagnosis and Therapy (currently in its nineteenth edition), The Merck Manual of Patient Symptoms, The Merck Manual – Home Health Handbook, The Merck Manual – Go-To Home Guide for Symptoms, and The Merck Manual of Health & Aging. Regardless of which manual the WCJ intended to cite, we question the propriety of a WCJ's assertion of a medical conclusion based on her own analysis of a treatise rather than on evidence in the record.

[4] The Board sought to bolster the WCJ's analysis by referring to the written report provided by Employer's Expert prior to his deposition testimony. According to the Board, the report "opined that 'no problem related to [Claimant's] former work for [Employer] is producing, aggravating, or exacerbating any' clinical syndrome or personality disorder …." Bd. Op., 7/6/17, at 8 (emphasis in Board's opinion). The Board implied that this general statement by Employer's Expert was sufficiently broad to encompass an opinion that Claimant recovered from panic disorder. Id. at 8-9.

Read in context, the quoted portion of the report of Employer's Expert did not support the Board's conclusion. In listing his "diagnoses" in the report, Employer's Expert stated under "Axis IV": "No problem related to Ms. Vasser-Watts' former work for Duquesne Light is producing, aggravating, or exacerbating any Axis I or Axis II disorder." Certified Record (C.R.), Item No. 27 (report of Stuart S. Burstein, M.D., 4/30/12) at 7 (emphasis added). Under "Axis I," Employer's Expert listed diagnoses of major depression and PTSD, but not panic disorder. Id. Under "Axis II," diagnosis was "deferred." Id. Thus, contrary to the Board's conclusion, nothing in the report of Employer's Expert opined, either specifically or generally, that Claimant recovered from a work-related panic disorder.

9

2017) (a WCJ's decision on remand is restricted by the instructions in the remand order).

Employer's Expert testified that panic disorder is a genetically inherited susceptibility that manifests itself in panic attacks beginning in one's teen years or young adulthood. R.R. at 103a-04a. Employer's Expert opined that panic disorder does not result from a work incident, or any specific incident. Rather, panic attacks "come out of the blue." R.R. at 104a. Moreover, in Claimant's case, Employer's Expert opined that Claimant's pre-existing mitral valve prolapse, diagnosed in the 1980s, might have created palpitations that mimicked panic disorder. Id.

We give Employer, as the prevailing party before the Board, the benefit of every inference reasonably deduced from the evidence. Furnari v. Workers' Comp. Appeal Bd. (Temple Inland), 90 A.3d 53 (Pa. Cmwlth. 2014). Nevertheless, a fair reading of the testimony of Employer's Expert regarding Claimant's panic disorder reflects that Employer's Expert opined Claimant never had a panic disorder, or if she did, it was never related to her work injury. That opinion was contrary to the established law and facts of this case. The WCJ therefore erred as a matter of law by crediting that opinion and terminating medical benefits based on it. Noverati.

### III. Conclusion

Based on the foregoing, we affirm the order of the Board insofar as it terminated Claimant's medical benefits related to treatment of PTSD and major

depressive disorder. We reverse the order of the Board insofar as it terminated Claimant's medical benefits related to ongoing treatment, if any, of panic disorder.

_____
ROBERT SIMPSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberly M. Vasser-Watts,  :
                Petitioner  :
                  :
        v.  : No. 1057 C.D. 2017
                  :
Workers' Compensation Appeal  :
Board (Duquesne Light Company),  :
             Respondent  :

# **O R D E R**

**AND NOW**, this 24th day of January, 2018, the decision of the Workers' Compensation Appeal Board is **AFFIRMED** in part and **REVERSED** in part, consistent with the foregoing opinion.

ROBERT SIMPSON, Judge