# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John A. Yurasits,  :
              Petitioner  :
                :
          v.  :  No. 395 C.D. 2019
                :  SUBMITTED: November 1, 2019
Workers' Compensation Appeal  :
Board (Exelon Nuclear Generation),  :
              Respondent  :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: February 21, 2020**


        Claimant, John A. Yurasits, petitions for review of an order of the Workers' Compensation Appeal Board that affirmed the decision of Workers' Compensation Judge (WCJ) Melcher granting the May 2017 petition to terminate workers' compensation benefits[1] filed by Exelon Nuclear Generation (Employer) pursuant to the Workers' Compensation Act (Act).[2] We reverse.

        On June 13, 2011, Claimant sustained a work injury while employed as a security guard for Employer. Pursuant to a notice of compensation payable (NCP) acknowledging work injuries in the nature of "a right shoulder, a right trapezius, and cervical spine strains," Employer commenced payment of temporary total disability

---

[1] The Board also affirmed WCJ Melcher's decision granting Employer's petition to review medical treatment. However, Claimant has raised issues pertaining only to the termination petition.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

in the weekly amount of $752.02 based on an average weekly wage of $1128.02. (WCJ Melcher's May 2, 2018, Decision at 3.)  Thereafter, Employer issued a corrected NCP thereby amending the average weekly wage to $1227.34, resulting in a new weekly disability payment of $818.22.  (*Id*.)

In 2012, WCJ Knox issued a decision suspending Claimant's benefits as of January 20, 2012, based on Claimant's return to work without a wage loss.  In 2016, WCJ Knox issued a decision denying an October 2014 termination petition alleging a full recovery from work injuries as of April 25, 2014.  WCJ Knox found "the testimony of Claimant, competent, credible, and persuasive that he continues to suffer symptoms in his cervical spine, right shoulder, and *ring and small fingers on his right hand*, all due to the June 13, 2011, work injury."  (WCJ Knox's March 21, 2016, Decision, Finding of Fact "F.F." No. 10; Reproduced Record "R.R." at 14) (emphasis added).

In 2017, Employer filed the disputed termination petition alleging a full recovery as of April 5, 2017.  In granting the petition, WCJ Melcher credited the testimony of Reynold L. Rimoldi, M.D., who is board certified in orthopedic and spine surgery.  Dr. Rimoldi conducted an April 2017 independent medical examination and reviewed numerous medical records, including one that WCJ Melcher found pre-dated Claimant's work injury.  (WCJ Melcher's May 2, 2018, Decision, F.F. No. 1.b.)  Dr. Rimoldi opined that Claimant sustained work-related sprains and strains of the cervical spine and right shoulder requiring conservative treatment for soft tissue injuries and diagnostic studies.  (F.F. No. 1.c.) Dr. Rimoldi opined that Claimant had fully recovered from his work-related injuries, that the treatment that he received returned him to his baseline, and that he "did not sustain any other work-related injuries other than right shoulder, right trapezius, and cervical

2

spine sprain and strain." (F.F. No. 1.f.) In support of his opinion, Dr. Rimoldi noted that a July 2007 MRI of the right shoulder revealed labral pathology consistent with findings on the MRI taken after the work injury.[3] (F.F. No. 1.c.)

In accepting Dr. Rimoldi's testimony, WCJ Melcher stated that Dr. Rimoldi reviewed numerous medical records and "explained that MRI findings both pre- and post[-]injury were consistent." (F.F. No. 4.) Consequently, she rejected the evidence that Claimant proffered in opposition to Employer's petitions. On appeal, the Board affirmed WCJ Melcher's decision. Claimant's petition for review followed.

An employer seeking to terminate workers' compensation benefits bears the burden of proving by competent medical evidence either that a claimant's disability has ceased or that any current disability arises from a cause unrelated to his or her work injury. *Campbell v. Workers' Comp. Appeal Bd. (Antietam Valley Animal Hosp.)*, 705 A.2d 503, 506-07 (Pa. Cmwlth. 1998). An employer's burden is considerable in that disability is presumed to continue until demonstrated otherwise. *Giant Eagle, Inc. v. Workmen's Comp. Appeal Bd. (Chambers)*, 635 A.2d 1123, 1127 (Pa. Cmwlth. 1993).

In the present case, Claimant argues that Employer's medical evidence was insufficient to support a termination of benefits because Dr. Rimoldi (1) failed to consider the expanded work-related injuries that WCJ Knox added to the ones that Employer acknowledged in the NCP; and (2) mistakenly relied upon incorrect medical evidence, i.e. an alleged July 21, 2007, MRI that Claimant asserts never happened. In light of our determination that Employer failed to sustain its burden because Dr. Rimoldi failed to address all of the work injuries set forth in WCJ

---

[3] Claimant disputes the existence of a July 2007 MRI. However, we need not address his contention in reversing the Board.

Knox's decision, we need not address either party's arguments pertaining to a purported July 2007 MRI. Accordingly, we turn to Employer's burden to address any injuries beyond those set forth in the 2011 NCP.

Claimant maintains that WCJ Knox expanded the original description of the work injury by accepting Claimant's testimony that "he continues to suffer symptoms in his cervical spine, right shoulder, and right and small fingers on his right hand, all due to the June 13, 2011, work injury." (WCJ Knox's March 21, 2016, Decision, F.F. No. 10; R.R. at 13.) Notwithstanding Employer's argument that WCJ Knox did not formally expand the acknowledged work injury,[4] he indisputably rendered the aforementioned finding thereby acknowledging work injuries to Claimant's ring and small fingers on his right hand. Consequently, in pursuing a termination of benefits, Employer would have to address that expansion. In that respect, counsel for Claimant at the conclusion of Dr. Rimoldi's deposition confirmed that the doctor considered only the diagnoses of cervical strain and right shoulder strain in rendering an opinion as to full recovery. (Dr. Rimoldi's Sept. 5, 2017, Dep. at 17; R.R. at 54.) Accordingly, Employer did not carry its burden of providing that all disability related to the work injury ceased.

---

[4] On appeal, Employer asserts that there was no review petition at issue before WCJ Knox and that he did not formally render a finding of fact or conclusion of law regarding any additional injuries. However, WCJ Knox clearly found that Claimant suffered symptoms in his right fingers due to the work injury. Even in the absence of a formal review petition, a WCJ's decision implicitly may modify an NCP. *See Westmoreland Cty. v. Workers' Comp. Appeal Bd. (Fuller)*, 942 A.2d 213, 218-19 (Pa. Cmwlth. 2008) (the claimant was not required to file a review petition even though the employer accepted liability in the NCP or specific injuries where, in an earlier termination petition, the WCJ concluded that the claimant had an issue that was caused and/or aggravated by the accepted injury). *See also Cytemp Specialty Steel v. Workers' Comp. Appeal Bd. (Servey)*, 811 A.2d 114, 118 (Pa. Cmwlth. 2002) (Act is intended to benefit injured workers and must be liberally construed in the injured worker's favor in order to effectuate the Act's humanitarian purpose).

4

Accordingly, we reverse.[5]

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[5] Three Board commissioners concurred in the result and one dissented. Notably, the dissenting commissioner stated: "I am concerned that we are not giving proper attention to Collateral Estoppel issue regarding WCJ Knox's 3-21-15 Opinion." (Board's March 4, 2019, Decision at 8.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John A. Yurasits,           :
         Petitioner     :
                                 :
        v.               :    No. 395 C.D. 2019
                                 :
Workers' Compensation Appeal    :
Board (Exelon Nuclear Generation),   :
          Respondent    :

# **O R D E R**


AND NOW, this 21ˢᵗ day of February, 2020, the order of the Workers'
Compensation Appeal Board is hereby REVERSED.


                    _____
                    **BONNIE BRIGANCE LEADBETTER,**
                    Senior Judge