**Sci WAYMART, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FELDMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Sumitted on Briefs Nov. 9, 2000.
Decided Dec. 29, 2000.
Reargument Denied En Banc
March 7, 2001.

Audrey J. Copeland, Philadelphia, for petitioner.

Joseph P. Novak, Kingston, for respondent.

Before COLINS, Judge, PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

SCI Waymart (Employer) petitions for review of a determination of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ), granting Robert F. Feldman's (Claimant's) claim petition.[1] We affirm.

On April 16, 1997, Claimant filed a claim petition alleging that on April 20, 1994, he contracted Hepatitis C as a result of an incident which occurred while he was employed as a corrections officer by Employer. Specifically, the claim petition alleged that Claimant was contaminated through situations where he had contact with the blood and other bodily fluids of inmates. Claimant further represented that he had sustained liver failure and cirrhosis as a

---

1. The WCJ awarded Claimant partial disability benefits from December 30, 1996, to January 28, 1998, and total disability benefits from January 29, 1998, to the present.

result of the infection. Employer denied these allegations.

At the hearing, Claimant testified regarding an incident that occurred at the prison in which Claimant was escorting an inmate when a scuffle ensued. The inmate grabbed Claimant's shirt and spit in his face. Claimant noticed blood on his face and shirt. Claimant also noticed that there was blood around the inmate's mouth. (R.R. at 80a–83a). Claimant further testified that the prison was the only place where he had come in contact with Hepatitis-infected individuals. (R.R. at 99a).

Claimant presented the testimony of David Moore, M.D., a physician board certified in internal medicine and gastroenterology, and Employer presented the testimony of William J. Hauptman, M.D., a board certified gastroenterologist. Dr. Moore testified that he diagnosed Claimant with Hepatitis C in December, 1996. Dr. Moore opined that, after assessing Claimant's risk factors, he believed that Claimant contracted Hepatitis C from his work environment. (R.R. at 27a). Dr. Hauptman testified that, although he never examined Claimant, he believed that Claimant contracted Hepatitis C from a blood transfusion in 1982. The WCJ accepted the medical opinions of Dr. Moore as credible.

On August 18, 1998, the WCJ granted Claimant's claim petition. Employer appealed, arguing that the WCJ's findings were not supported by substantial and competent evidence. On July 17, 2000, the Board affirmed the decision of the WCJ.

On appeal to this Court,[2] Employer argues that the WCJ's findings are not supported by substantial evidence. Specifically, Employer alleges that the WCJ erred in accepting Dr. Moore's testimony as credible. We disagree.

Claimant bears the burden of proving all necessary elements of a claim petition. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Where there is no obvious causal connection between an injury and the alleged work-related injury, the cause must be established by unequivocal medical evidence. *Cromie v. Workmen's Compensation Appeal Board (Anchor Hocking Corporation)*, 144 Pa. Cmwlth. 37, 600 A.2d 677 (1991). A WCJ may accept or reject any medical witness's testimony in whole or in part. *Hills Department Store Number # 59 v. Workmen's Compensation Appeal Board (McMullen)*, 166 Pa.Cmwlth. 354, 646 A.2d 1272 (1994), *petition for allowance of appeal denied*, 540 Pa. 587, 655 A.2d 518 (1995).

In the present case, the WCJ's decision was based on the following relevant findings of fact:

9. Claimant did not recall any blood transfusions.

As far as any contact with any other individuals, claimant testified that as part of his treatment, claimant's wife had a test for HIV and Hepatitis and both were negative. Claimant testified as to never being an IV drug user, never having any homosexual contact, no extra marital affairs, and no extra marital relationships with prostitutes or drug users. As far as any use of alcohol in the past, claimant indicated that it was only at social events. Any contact with any IV drug users, individuals with HIV or Hepatitis C, or with homosexuals would be at work in the jail setting.

. . .

12. After having made a careful review of the evidence of record, this Judge has accepted as credible the testimony of the

---

**2.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

claimant and Dr. Moore and finds based upon the same, together with the other relevant evidence of record that resultant from the claimant's work with the defendant/employer herein, specifically, contact with an inmate on April 20, 1994, the claimant has contracted Hepatitis C and end stage liver disease....

. . .

(c) Claimant's position with [Employer], required claimant to have daily contact with some seven hundred (700) inmates. Claimant's job duties required him to subdue inmates during any confrontations and fights.

(d) On April 20, 1994, when claimant was escorting an inmate to the restricted housing unit with other officers a scuffle ensued and the inmate grabbed claimant's shirt. Claimant described the scuffle as the inmate grabbing his shirt, being face to face after he, claimant, was thrown down on a table by the inmate and the inmate spitting in his face with blood in claimant's face and mouth resultant from the inmate spitting on the claimant. The inmate was within six (6) to twelve (12) inches of claimant's face when the inmate spit on the claimant in his face and mouth.

(WCJ's Findings of Fact Nos. 9, 12, 12(c), 12(d)).

■ Having reviewed the record in its entirety, we conclude that substantial evidence exists to support the Board's decision affirming the WCJ's findings. Dr. Moore opined, within a reasonable degree of medical certainty, that there is a high probability that Claimant's work environment was the source of his Hepatitis C infection.[3] (R.R. at 34a). Dr. Moore testified that he knows that there is a high risk of Hepatitis C infection within the prison population because he served as a GI consultant to SCI–Dallas for approximately seven years. (R.R. at 48a–49a). Dr.

Moore further testified that "all it would take would be a break in his skin in contact with an inmate's blood, a scratch mark" to transmit the disease. (R.R. at 50a). Given Claimant's testimony regarding the incident on April 20, 1994, as well as his daily contact with numerous inmates, including incidents that required Claimant to subdue inmates during confrontations and fights, we believe that the WCJ's findings are supported by substantial evidence. (R.R. at 70a–71a). Therefore, we conclude that the Board properly affirmed the WCJ's decision granting Claimant's claim petition.

■ Furthermore, because we are bound by the WCJ's credibility determinations on appeal, Employer's argument that the WCJ erred in finding Dr. Moore's testimony to be credible is similarly without merit. The fact that one party to a proceeding may view testimony differently is not grounds for reversal if substantial evidence supports the lower tribunal's findings. *See Tapco, Inc. v. Unemployment Compensation Board of Review,* 168 Pa.Cmwlth. 292, 650 A.2d 1106 (1994).

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 29th day of December, 2000, the order of the Workers' Compensation Appeal Board is affirmed.

■

---

**3.** The WCJ specifically rejected Dr. Hauptman's opinion as not credible. Dr. Hauptman failed to evaluate Claimant, review the transcript of Claimant's testimony or take into consideration the risk factors associated with Claimant's work environment.