**Thao TO, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (INSACO, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 2003.
Decided March 27, 2003.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Thao To (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirms the decision of the Workers' Compensation Judge (WCJ) granting a termination petition filed by Insaco, Inc. (Employer). We affirm.

Claimant sustained an injury while employed by Employer on April 23, 1999.[1] On or about January 4, 2000, Employer filed a termination petition alleging therein that Claimant had fully recovered as of December 30, 1999, from any work incident and was capable of returning to full and gainful employment with no loss of earning power. The termination petition was assigned to a WCJ and hearings ensued.

In support of the termination petition, Employer presented: (1) the deposition testimony of Robert Mauthe, M.D., board certified in physical medicine and rehabilitation; (2) the deposition testimony of Terrance Horst, Employer's production coordinator; (3) the deposition testimony of Claimant; and (4) documentary evidence. In opposition to the termination petition, Claimant presented the deposition testimony of Robert Roeshman, D.O., as well as documentary evidence.

The WCJ accepted Dr. Mauthe's testimony as credible and persuasive that Claimant had fully recovered as of October 1, 1999, from any work injury Claimant may have sustained. The WCJ found that Dr. Mauthe's explanation as to why Claimant had fully recovered from any work injury Claimant had was especially found

Michael S. Henry, Philadelphia, for petitioner.

Joseph R. Bonfig, Philadelphia, for respondent.

---

1. According to the parties, a notice of compensation payable (NCP) was circulated; however, no NCP was ever submitted into evidence by either party.

to be credible given the complete lack of objective evidence and completely nonphysiologic findings detected by the doctor. The WCJ accepted Dr. Roeshman's testimony as credible only to the extent that it was consistent with Dr. Mauthe's testimony. The WCJ accepted Mr. Horst's testimony as persuasive and credible and rejected Claimant's testimony where it was inconsistent with that of Mr. Horst.

Accordingly, the WCJ concluded that Employer had sustained its burden of proving by credible competent evidence that Claimant had fully recovered from his work injury as of October 1, 1999. Thus, the WCJ granted Employer's termination petition and terminated Claimant's benefits as of October 1, 1999.

Claimant appealed the WCJ's decision to the Board. The Board affirmed and this appeal followed.

■ Herein, Claimant raises the issue of whether the Board erred in affirming the WCJ's decision, which terminated Claimant's benefits based on the testimony of a medical expert, Dr. Mauthe, who did not believe that the injury acknowledged in the NCP ever occurred.

■ Initially, we note that this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa. Cmwlth. 382, 539 A.2d 11 (1988).

■ An employer seeking to terminate a claimant's benefits must prove that the claimant's disability has ceased or that any existing injury is not a result of the work-related injury. *Jaskiewicz v. Workmen's Compensation Appeal Board (James D. Morrisey, Inc.)*, 651 A.2d 623 (Pa.Cmwlth. 1994), *petition for allowance of appeal denied*, 541 Pa. 628, 661 A.2d 875 (1995). An employer may satisfy this burden by presenting unequivocal and competent medical evidence of claimant's full recovery from the work-related injury. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 141 Pa. Cmwlth. 253, 595 A.2d 697 (1991).

In support of this appeal, Claimant argues that Employer's medical expert, Dr. Mauthe, declared the occurrence of Claimant's injury to be medically and physiologically impossible. Claimant contends that Dr. Mauthe's report, which was introduced into evidence by Employer, states that is was medically and physiologically impossible for Claimant to have been injured in the manner he has stated in the performance of his job. Claimant contends that this Court has held that an employer cannot sustain its burden in a termination proceeding with the testimony of a medical expert who does not believe that the injury acknowledged in the NCP ever occurred. Claimant argues that because Dr. Mauthe did not recognize that Claimant ever suffered from the accepted injury, it was impossible for Dr. Mauthe to give an opinion that Claimant had fully recovered from that injury. Therefore, Claimant contends, Dr. Mauthe's testimony is incompetent and not sufficient to support a termination of Claimant's benefits.

In *GA & FC Wagman, Inc. v. Workers' Compensation Appeal Board (Aucker)*, 785 A.2d 1087 (Pa.Cmwlth.2001), this Court addressed the question of whether a WCJ can terminate a claimant's benefits

based on the testimony of a medical expert who does not believe that the injury acknowledged in the NCP ever occurred. This Court held that the Workers' Compensation Act [2] (Act) ensures that when an employer seeks to terminate a claimant's benefits, neither party can re-litigate the nature of the accepted injury at a subsequent proceeding without first following the proper procedure, which is to file a review petition and seek to have the description of the injury changed. *GA & FC,* 785 A.2d at 1092. This Court also stated that the WCJ may also, in the course of the proceedings, determine that the NCP was incorrect. *Id.* This Court held further that in order to terminate the claimant's benefits, the employer must submit medical evidence proving that the claimant had recovered from the injury that the employer acknowledged through the issuance of the NCP. *Id.*

In *GA & FC,* we stated that the medical evidence presented by the employer was inconsistent with the NCP because the medical expert did not recognize that the claimant ever suffered from the injury acknowledged in the NCP. *Id.* Therefore, this Court held that it was impossible for the medical expert to give an opinion that the claimant had fully recovered from that injury and the medical expert failed to determine whether or not the claimant had recovered from the accepted injury. *Id.* Accordingly, this Court held that the medical expert's testimony was insufficient to support a termination of the claimant's benefits. *Id.*

Our review of Dr. Mauthe's deposition testimony in the present matter reveals that Dr. Mauthe testified that based on Claimant's symptoms and Claimant's description of his work injury he was unable to see how the work injury could possibly happen. Reproduced Record (R.R.) at 91. However, Dr. Mauthe did not testify that

Claimant never had a work injury. It is clear from a review of Dr. Mauthe's entire testimony that, due to Claimant's significant symptom magnification, the doctor was attempting to ascertain exactly how Claimant suffered an injury in the manner described by Claimant when Dr. Mauthe's physical examination did not support Claimant's complaints which Claimant alleged arose out of that injury.

Dr. Mauthe credibly testified that he believed that there was no connection between Claimant's current complaints and the event that may or may not have occurred in the course of his employment with Employer. *Id.* at 94. Dr. Mauthe also credibly testified that Claimant had a normal physiologic examination, that there was no evidence of a medical impairment, and, given the lack of an impairment and significant symptom embellishment, that there was no reason for ongoing medical care. *Id.* Finally, Dr. Mauthe specifically opined that it was his opinion, within a reasonable degree of medical certainty, having reviewed all the records, performed an examination and taken a history, that since there was no evidence of medical impairment, Claimant had made a full and complete recovery from any injury he may have sustained in the course of his employment with Employer on or about April 23, 1999. *Id.*

Accordingly, we reject Claimant's argument that Dr. Mauthe's testimony does not support a termination because that testimony is incompetent. Dr. Mauthe clearly determined that Claimant had fully recovered from any injury Claimant sustained on April 23, 1999.

The Board's order is affirmed.

### ORDER

AND NOW, this 27th day of March, 2003, the order of the Workers' Compensa-

---

2. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4; 2501–2626.

tion Appeal Board at A01–1630, dated September 19, 2002, is affirmed.