# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Betancourt, : 
                                 : 
                 Petitioner : 
                                 : 
                 v. : No. 2030 C.D. 2015
                                 : Submitted: August 12, 2016
Workers' Compensation Appeal : 
Board (Exel, Inc., New Hampshire : 
Insurance Company and : 
Sedgwick CMS), : 
                                 : 
                 Respondents : 


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                               **FILED:  September 8, 2016**

         Samuel Betancourt (Claimant) petitions for review of the September 24, 2015 order of the Workers' Compensation Appeal Board (Board) that affirmed the July 10, 2014 decision and order of the Workers' Compensation Judge (WCJ), which, pursuant to the Workers' Compensation Act[1] (Act), granted the Termination Petition filed by Exel, Inc. (Employer), based on the conclusion that Claimant had fully recovered from a low back strain and sprain work-related

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

injury.[2]  Claimant argues before this Court that the Board erred in affirming the WCJ's decision because the WCJ erroneously relied on the testimony of Dr. Stanley R. Askin, M.D., to grant Employer's Termination Petition.  Claimant contends that Dr. Askin's testimony is insufficient as a matter of law to support the WCJ's finding that Claimant has fully recovered from his work-related injury because Dr. Askin did not acknowledge in his testimony the work-related injury accepted by Employer in its Notice of Compensation Payable (NCP).  For the following reasons, we affirm the Board.[3]

Claimant suffered a work-related injury on July 17, 2012, when he was packing a shelving unit.  (WCJ Decision, Findings of Fact (F.F.) ¶¶1-2.)  Employer issued a medical-only NCP accepting Claimant's injury as a strain and/or sprain of his lower back.  (*Id*. F.F. ¶2; July 31, 2012, NCP.)  On May 10, 2013, Employer filed a Termination Petition alleging that as of April 16, 2013, Claimant was fully recovered from his work-related injuries.  (Employer's Petitioner to Terminate.)  On May 9, 2013, Claimant testified before the WCJ.  (May 9, 2013, Hearing Transcript (H.T.).)  On July 23, 2013, Christopher Wagener, M.D., a board-certified orthopedic surgeon with a specialty in spinal surgery, testified on behalf of Claimant.  (WCJ Decision, F.F. ¶6; Wagener Dep.,

---

[2] Before the Board, Claimant raised other issues for review; however, Claimant's appeal before this Court is limited to the Board's affirmance of the WCJ's grant of Employer's Termination Petition and does not encompass the Board's determination regarding litigation fees, denial of Claimant's Review Petition or the grant of Claimant's Claim Petition. (See February 17, 2016 Order, Docket No. 2030 C.D. 2015; December 29, 2015 WCJ Order; September 24, 2015 Board Order.)

[3] Our review is limited to determining whether there has been any error of law or violation of constitutional rights, and whether the WCJ's necessary findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

Notes of Testimony (N.T.) at 5.) On September 25, 2013, Stanley R. Askin, M.D., a board-certified orthopedic surgeon, testified on behalf of Employer. (WCJ Decision, F.F. ¶7; Askin Dep., N.T. at 5.) The WCJ issued a decision and order on July 10, 2014, in which the WCJ found credible Claimant's testimony concerning the occurrence of his work-related injury and Claimant's testimony regarding his termination from employment after his use of Oxycodone and Flexeril to treat his work-related injury caused him to fall asleep while operating a jack; however, the WCJ found Claimant's testimony in all other respects to be incredible and unpersuasive.[4] (WCJ Decision, F.F. ¶¶4, 6, 8.) The WCJ also rejected as not credible or persuasive the testimony of Dr. Wagener because, having determined that Claimant's testimony was "largely unworthy of belief," the WCJ found that the credibility of Dr. Wagener "can rise no higher than that of the Claimant." (*Id*. F.F. ¶9(1).) Furthermore, the WCJ found that Dr. Wagener's opinion as to how Claimant could suffer a work-related herniated disc on his left side and yet suffer symptoms on his right side was "wholly unconvincing," and that the opinions of Dr. Askin were consistent with Claimant's MRI results and more credible and persuasive. (*Id*. F.F. ¶9(2)-(3).) The WCJ specifically accepted the testimony and opinions of Dr. Askin "as credible, persuasive and consistent with the Claimant's diagnostic test results and clinical examination results," and, on the basis of Dr. Askin's credible testimony, concluded that Employer demonstrated that Claimant

---

[4] The WCJ specifically rejected Claimant's remaining testimony because: "1) The Claimant has been complaining of right-sided low back symptoms since the occurrence of his work injury. The only diagnostic test the Claimant underwent was the lumbar MRI which indicated the Claimant had a herniation/protrusion on the left; 2) The Claimant's prior treating physician, Dr. Vrablik, examined the Claimant on five occasions and at no time diagnosed Claimant with radiculopathy; 3) The testimony of Dr. Askin is more credible, persuasive and consistent with the Claimant's MRI results." (WCJ Decision, F.F. 8(1)-(3).)

3

was fully recovered from his work-related injuries as of April 16, 2013. (*Id*. F.F. ¶10, Conclusions of Law (C.L.) ¶4.)

Claimant appealed to the Board and the Board issued a decision and order on September 24, 2015 affirming the WCJ. In its decision, the Board reviewed Dr. Askin's testimony and concluded that it was competent to support a termination of workers' compensation benefits because, although Dr. Askin testified that there was no clinical evidence of any injury, Dr. Askin assumed for purposes of evaluating recovery that Claimant had experienced the work-related injury accepted by the NCP. (Board Decision at 7-8.) Claimant appealed the Board's decision and order to this Court and argues that the Board's conclusion that Dr. Askin's testimony was sufficient to support a termination of benefits was based on a misapplication of law.

Section 407 of the Act provides that NCPs "shall be valid and binding unless modified or set aside," in accordance with the Act. 77 P.S. § 731. The Act provides specific procedures by which an employer or a claimant can seek to modify or expand the injury described in the NCP, but the purpose of a Termination Petition is to stop payment of benefits for the sole reason that the claimant has recovered from the work-related injury; neither party may use a Termination Petition as a means to alter the injury described in the NCP.

Where an employer files a Termination Petition alleging that the claimant is no longer in need of workers' compensation benefits, the employer must demonstrate by substantial evidence that either the claimant's disability has ceased, or that any remaining conditions are unrelated to the work-related injury sustained by the claimant. *Gillyard v. Workers' Compensation Appeal Board (Pennsylvania Liquor Control Board)*, 865 A.2d 991, 995 (Pa. Cmwlth. 2005) (*en*

4

*banc*).  An employer may satisfy its burden by presenting unequivocal and competent evidence of the claimant's full recovery from the work-related injuries. *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2008).  If the medical evidence offered by employer consists of an expert whose opinion fails to recognize the accepted work-related injury, the evidence is insufficient to support a termination of benefits.  *Central Park Lodge v. Workers' Compensation Appeal Board (Robinson)*, 718 A.2d 368, 370 (Pa. Cmwlth. 1998) ("In order to terminate [c]laimant's benefits, [e]mployer was required to prove that [c]laimant was completely recovered from all of these injuries, including the head injuries.  Because [e]mployer's medical expert, Dr. Valentino, completely failed to address [c]laimant's head injury, his testimony is insufficient as a matter of law.").

In *GA & FC Wagman, Inc. v. Workers' Compensation Appeal Board (Aucker)*, 785 A.2d 1087 (Pa. Cmwlth. 2001), this Court held that the testimony of the employer's medical expert was insufficient to support a termination of the claimant's benefits because the medical expert opined that claimant's injuries were different than the injury described in the NCP and, therefore, it was impossible for the expert's evidence to support a finding that the claimant was fully recovered. *Id*. at 1092.  The injury described in the NCP in *GA & FC Wagman*, was an "exacerbation of pseudoarthrosis L4-5." *Id*. at 1089.  However, the employer's expert testified that the work-related injury sustained by the claimant was a sprain to the muscle ligaments in his back, which had since been resolved, and that while it was possible that the claimant suffered from pseudoarthrosis at the L4-5 region as a result of a fusion procedure, the pseudoarthrosis was of no consequence to the claimant's disability. *Id*.  At no time had the employer in *GA & FC Wagman* filed

5

a Review Petition seeking to change the description of the injury in the NCP or had the WCJ found that the injury was materially incorrect; therefore, it was incumbent upon the employer to produce evidence that the claimant had recovered from the injury described in the NCP, which it had failed to do. *Id*. at 1092; *see also Westmoreland*, 942 A.2d at 218 (where the WCJ had previously found that the claimant had a herniated L–5 disc and lumbar radiculopathy, the testimony of the employer's expert that characterized the claimant's injury as a low-energy back injury or strain that the claimant was fully recovered from could not support a termination of benefits).

The medical evidence in *GA & FC Wagman* was of a different kind from that offered by the employer seeking termination of benefits in *To v. Workers' Compensation Appeal Board (Insaco, Inc.)*, 819 A.2d 1222 (Pa. Cmwlth. 2003). In *To*, the employer's medical expert testified that he had difficulty seeing how the work-related injury could have happened based on the description of the injury and the claimant's self-report of symptoms, which appeared magnified to the expert. *Id*. at 1225. The employer's medical expert in *To* further testified that he found no connection between the claimant's complaints and the work injury that may or may not have happened, and that because there was no evidence of current impairment it was the expert's opinion that the claimant had fully recovered from any injury he may have sustained in the course of employment. *Id*. This Court held that the evidence offered by the employer's expert was sufficient to support a termination of benefits because the expert clearly determined that the claimant had fully recovered from the work injury, despite the expert's doubts concerning the occurrence of the injury. *Id*.

What distinguishes the testimony offered in *To* from that offered in *GA & FC Wagman* was the medical expert's knowledge of the accepted work injury, examination of the claimant and the claimant's medical history to determine if the claimant had recovered from that specific injury, and ultimately, the credible opinion that the claimant had recovered. *See also Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 936 A.2d 1195, 1200 (Pa. Cmwlth. 2007) ("At a bare minimum, the expert must know what the accepted work-related injury was to be competent to testify that a claimant has fully recovered from a work-related injury."). In order for a medical expert's opinion to be competent to support a termination of benefits, it is not necessary that the expert believe that the work-related injury occurred or that it occurred in the manner found by the WCJ, rather it is sufficient that the expert assumes the presence of the injury and bases any opinions regarding recovery on the question of whether or not the accepted injury continues to disable the claimant. *Hall v. Workers' Compensation Appeal Board (America Service Group)*, 3 A.3d 734, 741 (Pa. Cmwlth. 2010); *Jackson v. Workers' Compensation Appeal Board (Resources for Human Development)*, 877 A.2d 498, 503 (Pa. Cmwlth. 2005); *To*, 819 A.2d at 1225.

In the instant matter, Claimant focuses this Court's attention on Dr. Askin's testimony that Claimant "had fully recovered from whatever may have troubled him in July of 2012."[5] (Askin Dep., N.T. at 12.) Claimant contends that

---

[5] Dr. Askin's opinion was given on direct examination during the following exchange:

> Q. Following your review of his records and his examination, did you reach an opinion within a degree of reasonable medical certainty?
>
> A. Yes.

Dr. Askin's opinion is akin to the medical evidence found insufficient in *GA & FC Wagman*, and a recent unreported decision, *County of Allegheny v. Workers' Compensation Appeal Board (Murphy)*, (Pa. Cmwlth. No. 570 C.D. 2015, filed February 5, 2016), slip op., 2016 WL 453506, where this Court concluded that the expert's opinion that the claimant had fully recovered was "worthless" because the expert repeatedly opined that the claimant's injury was not work-related and refused to submit an affidavit of recovery.[6] *County of Allegheny*, slip op. at 8, 2016 WL 453506 *4. However, the testimony found lacking in *GA & FC Wagman* and *County of Allegheny* stands in stark contrast to the testimony given by Dr. Askin.

Dr. Askin did not reject or refuse to acknowledge Claimant's work-related injury but instead thoroughly testified regarding his opinion that Claimant had recovered from the work-related low back strain and sprain described in the NCP based on his examination of Claimant, review of Claimant's history and medical records, and his own education and experience as an orthopedic surgeon. When asked on cross-examination whether Dr. Askin believed that the Claimant was at his "maximum medical improvement," Dr. Askin unequivocally answered

---

Q. What was that opinion?

A. That as of the time that I saw him, which was April 2013 and this is referencing an injury or alleged injury which occurred in July of 2012, I did consider that he was a middle-aged person, that he had age appropriate lumbar spondylosis and as a bottom line consideration that he had fully recovered from whatever may have troubled him in July of 2012.

(Askin Dep., N.T. at 12.)

[6] This Court's unreported decisions are not binding precedent but may relied upon for their persuasive value. 210 Pa. Code § 69.414(a).

"Yes, there is nothing that he requires based on the injury that is described." (Askin Dep., N.T. at 33.) Furthermore, unlike the expert in *County of Allegheny*, Dr. Askin had no qualms about swearing an affidavit of recovery consistent with his testimony. (Askin Dep., Exh A-3.)

Nevertheless, it is clear from snippets of Dr. Askin's testimony that he maintained a level of skepticism regarding Claimant's work-related injury. For example, on cross-examination, the following exchange took place:

> Q. Okay. So are—all right. Now, in your report on Page Three, the very bottom of the page, you indicate that there were no edema -- there was no edema or tears of the soft tissues according to the MRI Report that you received, is that correct?
>
> A. Yes.
>
> Q. Would I be correct in saying that tears of the soft tissues and edema would typically not show up on an MRI?
>
> A. Well, if there was a real injury it should. When people talk about sprains and strains, by definition, a sprain is a partial tear of a ligament and strain is a partial tear of a muscle. If Mr. Betancourt had actually been injured, there would be such a finding.

(Askin Dep., N.T. at 31.) However, skepticism alone does not render a medical expert's testimony incompetent nor do pieces of testimony examined outside the context of the whole. In *O'Neill v. Workers' Compensation Appeal Board (News Corp. Ltd.)*, 29 A.3d 50 (Pa. Cmwlth. 2011), we rejected the argument that a medical expert's statement that "I don't buy [the work-related injury]. It may have

9

been accepted by the judge, but I'm pretty skeptical that she actually suffered anything working at that job," holding instead that "notwithstanding [the medical expert's] expressed skepticism, as noted by [c]laimant, his testimony as a whole is akin to testimony this Court has found to be competent and legally sufficient to support a termination of benefits." *Id*. at 55. Such is the testimony given by Dr. Askin; when examined as a whole, Dr. Askin clearly and unequivocally opined in his testimony that Claimant had recovered from the work-related injury described in the NCP. This testimony was found credible by the WCJ, who is free to accept or reject the testimony of any witness, lay or medical, and who is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight in workers' compensation proceedings. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003); *SCI-Waymart v. Workers' Compensation Appeal Board (Feldman)*, 766 A.2d 900, 902 (Pa. Cmwlth. 2000). Therefore, as we did in *To*, we hold that the testimony offered by Employer's medical expert, when examined as a whole, is legally sufficient to support granting Employer's Termination Petition.

Accordingly, we affirm the Board's order.


**_____**
**JAMES GARDNER COLINS, Senior Judge**

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Betancourt,                                   :
                                                     :
                 Petitioner                          :
                                                     :
         v.                                          :  No. 2030 C.D. 2015
                                                     :
Workers' Compensation Appeal                         :
Board (Exel, Inc., New Hampshire                     :
Insurance Company and                                :
Sedgwick CMS),                                       :
                                                     :
                 Respondents                         :

# **O R D E R**


AND NOW this 8th day of September, 2016, the order of the Workers'

Compensation Appeal Board in the above-captioned matter is AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**