# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra L. Rowe,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 106 C.D. 2016
                                        :  Submitted: September 30, 2016
Workers' Compensation Appeal            :
Board (County of York),                 :
                                        :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL J. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  December 16, 2016**


          Debra L. Rowe (Claimant) petitions for review of the December 29,
2015 order of the Workers' Compensation Appeal Board (Board) that affirmed a
November 10, 2014 decision and order of a Workers' Compensation Judge (WCJ).
Pursuant to the Workers' Compensation Act (Act),[1] the WCJ granted the
Termination Petition filed by the County of York (Employer), after concluding that
Claimant had fully recovered from work-related injuries consisting of cervical
sprain/strain and a cognitive disorder secondary to concussion.  Claimant argues
before this Court that the Board erred in affirming the WCJ's decision because the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

WCJ failed to issue a reasoned decision and failed to base his findings upon sufficient competent evidence. For the following reasons, we affirm the Board.[2]

Claimant, who was employed as a Social Service Aide, suffered a work-related cervical strain to her neck as a result of a motor vehicle accident in the course of her employment on September 26, 2012. (WCJ Decision, Findings of Fact (F.F.) ¶1, Reproduced Record (R.R.) at 260a.) Employer issued a Notice of Temporary Compensation Payable (NTCP) accepting Claimant's injury as a cervical strain on November 2, 2012; the NTCP converted to a Notice of Compensation Payable on January 22, 2013. On May 13, 2013, Employer filed a Termination Petition;[3] Claimant answered, denying the allegations that she had fully recovered from her work injury and was able to return to unrestricted work as of March 12, 2013. (*Id*., F.F. ¶2, R.R. at 260a.) On June 28, 2013, Claimant filed a Review Petition to amend the description of her injury to include concussion, post-concussion syndrome including headaches, cognitive disorder, tinnitus, dizziness, memory deficits, speech deficits, vision deficits, and balance deficits. (WCJ Decision, F.F. ¶3.)

On September 10, 2013, Claimant testified before the WCJ. (Hearing Transcript (H.T.), R.R. at 1a-65a.) Claimant also offered the deposition

---

[2] Our review is limited to determining whether there has been any error of law or violation of constitutional rights, and whether the WCJ's necessary findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

[3] Pennsylvania Courts have determined that to succeed in a termination petition, an employer bears the burden of proving by substantial evidence that a claimant's disability has ceased, or any remaining conditions are unrelated to the work injury. *Gillyard v. Workers' Compensation Appeal Board (Pa. Liquor Control Board)*, 865 A.2d 991, 995 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 882 A.2d 1007 (Pa. 2005). An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from her work-related injuries. *Id*.

2

testimony of Robert B. Frazier, Ph.D, a licensed psychologist with a specialization in neuro-psychology in support of her Review Petition. (Frazier Deposition, R.R. at 116a-162a.) Employer offered the deposition testimony of John A. Kline, M.D., a physician who is board-certified in physical medicine, rehabilitation, pain management, and disability impairment, who opined that Claimant had recovered from the work-related cervical sprain/strain or neck sprain/strain that she had sustained. (Kline Deposition, R.R. at 68a-115a.) Employer also offered the deposition testimony of Christopher King, Psy.D., a licensed psychologist specializing in clinical neuropsychology, who opined that there was no evidence that Claimant actually sustained a diagnosable concussion and no indication of any identifiable post-concussive sequelae in the immediate aftermath of the work-related accident that would have been readily evident had she actually sustained a concussion. (King Deposition, R.R. at 205a.) Dr. King further opined that presuming Claimant did suffer some type of concussion, with some type of post-concussive symptomology, she had fully recovered at the time he saw her. (*Id.*, R.R. at 208a.)

The WCJ issued a decision and order on November 7, 2014 granting Claimant's Review Petition and amending the description of injury to include cognitive disorder secondary to concussion. The WCJ also granted Employer's Termination Petition for Claimant's work-related cervical sprain/strain effective March 12, 2013 and for the work-related cognitive disorder secondary to concussion effective October 23, 2013. The WCJ found credible Claimant's testimony concerning the timeframe in which her symptoms developed, her pre-existing conditions, and her non-work related outside stressors. (WCJ Decision, F.F. ¶12a, R.R. at 268a.) The WCJ further found credible Claimant's testimony as

3

to the development, following her work injury, of problems with dizziness, concentration, memory, balance, and increased headaches. (*Id*.) However, the WCJ rejected as not credible Claimant's testimony that she continued to experience problems related to her neck injury, finding as fact that she had fully recovered from that injury as of March 12, 2013. (*Id*., F.F. ¶¶12a, 12b, R.R. at 268a-269a.) In that regard, the WCJ found the opinion of Dr. Kline to be credible, noting that neither Dr. Frazier nor Dr. King was qualified to address the condition of Claimant's neck, and there was no evidence of record to refute Dr. Kline's opinion regarding the neck injury. (*Id*., F.F. ¶12b, R.R. at 269a.) As to the question of whether Claimant sustained additional injuries as a result of the work-related accident, the WCJ found the testimony of Dr. Frazier, Claimant's treating psychologist, to be the most credible and persuasive, finding as fact that Claimant's work injury included cognitive disorder secondary to concussion, and specifically rejecting the testimony of Drs. King and Kline to the extent they opined that Claimant did not sustain a concussion. (*Id*., F.F. ¶12c, R.R. at 269a.) However, the WCJ rejected the testimony of Dr. Frazier that Claimant had not fully recovered from the concussion and cognitive disorder,[4] and found credible the

---

[4] In the course of his deposition, Dr. Frazier testified that he began treating Claimant in March 2013, approximately six months following her work-related accident, when he was asked to perform a neuro-psychological evaluation by Claimant's neurologist; he diagnosed Claimant with a cognitive disorder, not otherwise specified, secondary to concussion, and continued treating Claimant, on approximately twelve occasions. (Frazier Deposition, R.R. at 122a; WCJ Opinion, F.F. ¶¶9a-9b, R.R. at 262a-263a.) Dr. Frazier indicated that his neuro-psychological evaluation of Claimant consisted of an interview, an examination of overall intelligence, areas of memory, ability to track information and attention concentration, motor skills, and a personality inventory. (Frazier Deposition, R.R. at 123a.) Dr. Frazier testified that his subsequent treatment focused on reducing Claimant's distractibility and increasing her attention and concentration; in addition, he worked to improve Claimant's stress management and recommended methods to reduce auditory stimulation, increase activities around other people, and increase light household activities. (*Id*., F.F. ¶9b, R.R. at 263a.)

4

testimony of Dr. King that Claimant was fully recovered from any concussion and cognitive affects that she sustained on the date of the work injury as of October 23, 2013. (*Id*., F.F. ¶12e, R.R. at 269a-270a.) The WCJ found that Dr. King credibly explained that the empirically validated neuropsychology test battery he administered on October 23, 2013 provided an objective conclusion based upon "standard decision rules," and none of the tests revealed evidence of "any acquired neurocognitive or neuropsychological abnormality that could be related to a concussion." (*Id*, R.R. at 269a.)

Claimant appealed the WCJ's grant of the Termination Petition as to the work-related cognitive disorder secondary to concussion to the Board and the Board issued an opinion and order on December 29, 2015 affirming the WCJ. (Board's Opinion and Order, R.R. at 278a-276a.) In its decision, the Board reviewed Dr. King's testimony and concluded that it was competent to support a termination of Claimant's workers' compensation benefits because the credible objective evidence provided by the tests administered on October 23, 2013 constituted substantial evidence to support the conclusion that she "had fully recovered from the cognitive disorder diagnosed by Dr. Frazier and accepted as work related by the WCJ." (*Id*., R.R. at 285a.) The Board addressed Claimant's contention that the WCJ's decision was not a reasoned decision because the WCJ failed to reconcile a conflict between the testimony of both Claimant and Dr. Frazier, deemed credible, that Claimant's condition was merely improving, and the testimony of Dr. King, that Claimant had fully recovered. The Board found that there was no irreconcilable conflict and concluded that the WCJ had issued a reasoned decision.

Claimant appealed the Board's decision and order to this Court. Claimant argues, first, that the failure by Dr. King, Employer's medical expert, to accept the judicially established work-related injury of a cognitive disorder secondary to concussion renders his testimony incompetent to satisfy Employer's burden of proof that her disability has ceased. We do not agree. In the course of his testimony, Dr. King opined unequivocally that there was no indication that Claimant actually sustained a concussion, with "no indication of any identifiable or diagnostic post concussive sequelae in the immediate aftermath of the event which would have been readily evident" had she done so. (King Deposition, R.R. at 206a.) Nevertheless, Dr. King was asked to presume both that Claimant did sustain some type of concussion, regardless of degree, and that she did have some type of post-concussive symptomology, regardless of degree, and accordingly, to opine as to whether, at the time Dr. King examined Claimant, Claimant was fully recovered. (*Id*., R.R. at 208a.) Dr. King responded that Claimant was in fact fully recovered and stated, "[i]t is evident by my test findings that there is no indication of any cognitive difficulties or neuropsychology impairment." (*Id*.) Throughout the deposition, Dr. King made clear that he fully understood the nature of the injury asserted in Claimant's Petition for Review. His examination of Claimant included the performance of a neurophysical evaluation, which involved an interview with, and the taking of history from Claimant, an evaluation through standardized neuropsychology testing, and a review of Claimant's medical records.[5]

---

[5] Dr. King found no indication of any problems with Claimant's vision, hearing, speech or language; he indicated there was no indication of acute distress, and her mental stamina and physical endurance was normal. (King Deposition, R.R. at 172a, 188a, 190a-191a.) Dr. King stated that his review of Claimant's medical records confirmed that Claimant did not hit her head or lose consciousness during the motor vehicle accident, and did not report headaches or

In *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213 (Pa. Cmwlth. 2008), a medical expert's testimony was found inadequate to support a termination of benefits where the expert testified that the claimant did not sustain the recognized injury, and also failed to testify that the claimant was fully recovered or no longer exhibited findings consistent with the recognized injury. *Id*. at 218-19. In *Westmoreland*, our Court distinguished our decisions in both *Jackson v. Workers' Compensation Appeal Board (Resources for Human Development)*, 877 A.2d 498 (Pa. Cmwlth. 2005), and *To v. Workers' Compensation Appeal Board (Insaco, Inc.)*, 819 A.2d 1222 (Pa. Cmwlth. 2003), noting that in *To*, the employer's doctor was not incompetent where he opined that he was unable to see how the work injury could possibly happen, but further opined that there was no evidence of medical impairment and claimant made a full recovery from any injury sustained on the date of the work incident. 819 A.2d at 1225. Similarly, in *Jackson*, the employer's doctor did not acknowledge that the claimant suffered a disabling knee injury, but went on to opine, in the alternative and based on the assumption that the injury in fact occurred, that the injury had resolved, and the Court found his testimony competent to support a termination of benefits. 877 A.2d at 503. In order for a medical expert's opinion to be competent to support a termination of benefits, it is not necessary that the expert believe that the work-related injury occurred or that it occurred in the manner found by the WCJ; rather, it is sufficient that the expert assumes the presence of the injury and bases any opinions regarding recovery on the question of whether or not the

---

photophobia, or any symptoms other than a burning sensation in her neck when she was initially seen for the work injury. (*Id*., R.R. at 194a-195a.) He noted that Claimant's brother passed away two days following the accident, which he indicated would be a significant stressor. (*Id*., R.R. at 197a.)

accepted injury continues to disable the claimant. *Hall v. Workers' Compensation Appeal Board (America Service Group)*, 3 A.3d 734, 741 (Pa. Cmwlth. 2010). Because he addressed the cognitive injury in Claimant's Review Petition and opined that she no longer suffered from any such injury, Dr. King's opinion here is clearly competent and sufficient to support a termination of benefits.

Claimant argues that the WCJ failed to issue a reasoned decision by failing to explain why he accepted as credible both Claimant's and Dr. Frazier's testimony that Claimant was improving, but not fully recovered, and then accepted Dr. King's opinion that Claimant had fully recovered as of October 23, 2013. Claimant further argues that the decision is not reasoned because the WCJ failed to discuss Dr. King's "total confusion over the basic concept of a concussion" (Claimant's Brief at 16), failed to discuss the difference in the types of testing conducted by Drs. Frazier and King, and failed to acknowledge that as Claimant's treating psychologist, Dr. Frazier was clearly in a better position to evaluate Claimant's recovery. We find no merit in these arguments.

Section 422(a) of the Act, 77 P.S. §834, requires that the WCJ render a reasoned decision containing findings of fact and conclusions of law, based upon the record as a whole, that clearly and concisely state and explain the rationale for the decision, and when faced with conflicting evidence, the WCJ must adequately explain the reasons for rejecting or discrediting competent evidence. *Daniels v. Workers' Compensation Board of Appeals (Tristate Transport)*, 828 A.2d 1043, 1046 (Pa. 2003).

The WCJ accepted Claimant's testimony as being generally credible, and found that at the time she testified, in July 2013, Claimant indicated that she was improving. The WCJ accepted as credible Dr. Frazier's testimony regarding

his opinion that Claimant sustained additional injuries beyond the cervical sprain/strain; however, although the WCJ noted that Dr. Frazier testified that Claimant was not fully recovered from her cognitive disorder as of September 2013, he did not make a credibility determination as to that aspect of Dr. Frazier's testimony. The WCJ clearly set forth his reasons for accepting the opinion of Dr. King over that of Dr. Frazier with regard to whether Claimant had fully recovered and in doing so, the WCJ provided extensive detail with regard to the manner of tests administered by each psychologist.

Claimant's assertion that Dr. King evidenced confusion during cross-examination over the basic concept of a concussion is baseless. Dr. King indicated that most people who sustain a concussion experience a strike to the head and many lose consciousness, but many do not; he stated that a concussion is evidenced by some disruption to normal neurological activity and if that disruption is great enough, a person may lose consciousness, but all individuals who sustain a concussion have some disruption as evidenced by abnormal mental status or post-concussive symptoms seconds or minutes afterwards. (King Deposition, R.R. at 212a-214a.) In his opinion, the WCJ discussed in detail the testimony of all three medical experts as to whether or not Claimant sustained a concussion. The WCJ offered a detailed analysis of the testimony of each medical expert, the nature of the diagnosis and treatment recommended and the tests performed by each, and made comprehensive credibility determinations and findings of fact that fully explain his reasons for: (i) accepting Claimant's testimony as being generally credible; (ii) accepting Dr. Kline's unrefuted medical opinion regarding Claimant's full recovery from her neck injury; (iii) accepting Dr. Frazier's opinion that Claimant's work injury included cognitive disorder secondary to concussion; and

9

(iv) accepting Dr. King's opinion that Claimant was fully recovered from any concussion she sustained on the date of the accident. (WCJ Decision, F.F. ¶¶ 12a, 12b, 12c, 12e.) Notwithstanding Dr. King's opinion that there was no evidence of any acquired neurocognitive or neuropsychological abnormality that could be related to a concussion (Frazier Deposition, R.R. at 206a-207a), the WCJ found, based on Dr. Frazier's credible testimony, that Claimant's work injury included cognitive disorder secondary to concussion, noting that Dr. Frazier credibly explained that the mechanism of Claimant's work injury was consistent with concussion. (WCJ Decision, F.F. ¶12c.) However, the WCJ found credible Dr. King's opinion that even assuming Claimant had sustained a concussion, when Claimant was evaluated on October 23, 2013, she had fully recovered and was capable of performing her pre-injury job. The WCJ is free to accept or reject all or a portion of the testimony of any witness, lay or medical, and is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight in workers' compensation proceedings. *Daniels*, 828 A.2d at 1052; *SCI-Waymart v. Workers' Compensation Appeal Board (Feldman)*, 766 A.2d 900, 902 (Pa. Cmwlth. 2000). Therefore, we hold that the WCJ rendered a reasoned decision and that the testimony offered by Employer's medical expert is legally sufficient to support granting Employer's Termination Petition.

Accordingly, we affirm the Board's order.

_____
**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Debra L. Rowe,                               :
                                             :
                    Petitioner               :
                                             :
         v.                                  : No. 106 C.D. 2016
                                             :
Workers' Compensation Appeal                 :
Board (County of York),                      :
                                             :
                    Respondent               :

# **O R D E R**

AND NOW this 16th day of December, 2016, the order of the Workers' Compensation Appeal Board in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**