IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Therese LaSalle,                              :
                            Petitioner       :
                                             :
                    v.                       :
                                             :
Workers' Compensation Appeal                 :
Board (Pennsylvania Turnpike                  :
Commission),                                 :    No. 1898 C.D. 2017
                            Respondent       :    Submitted: May 25, 2018


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED: July 24, 2018


          Therese LaSalle (Claimant) petitions this Court for review of the
Workers' Compensation (WC) Appeal Board's (Board) November 28, 2017 order
reversing the Workers' Compensation Judge's (WCJ) decision adding a right knee
medial meniscal tear to Claimant's work injury description and assessing
unreasonable contest fees against the Pennsylvania Turnpike Commission
(Employer). Claimant presents two issues for this Court's review: (1) whether the
Board erroneously reversed the WCJ's determination that Claimant established
causation of a work-related right knee medial meniscal tear; and, (2) whether the
Board erroneously reversed the WCJ's award of unreasonable contest fees as to
Employer's Petition to Terminate Benefits (Termination Petition). After review, we
affirm.

          On May 6, 2014, Claimant sustained a left ankle fracture and knee
contusions in the course of her employment with Employer. By amended Notice of

Compensation Payable (NCP) dated November 13, 2014, Employer acknowledged the injury. On December 10, 2014, Claimant filed a Petition to Review Compensation Benefits (Review Petition), seeking to amend her injury description to include fractures of three toes of the left foot, a left ankle fracture, internal injury to both knees, several herniated discs, head pain, aggravation of preexisting low back injury resulting in left leg muscle atrophy, left-sided carpal tunnel syndrome and aggravation of right carpal tunnel syndrome. On August 5, 2015, Employer filed the Termination Petition alleging that Claimant was fully recovered from the May 6, 2014 work injury as of April 21, 2015.

The WCJ held hearings on January 26, April 27, August 7, November 16 and December 21, 2015. On May 24, 2016, the WCJ denied and dismissed Employer's Termination Petition, and granted Claimant's Review Petition in part, thereby amending her work injury description as a right knee medial meniscal tear and post-traumatic chondromalacia of the patella and left knee post-traumatic chondromalacia of the patella and assessing unreasonable contest fees against Employer. Employer appealed to the Board. On November 28, 2017, the Board reversed the WCJ's addition of a right knee medial meniscus tear to the description of Claimant's work injury and the unreasonable contest fee assessment against Employer. Claimant appealed to this Court.[1]

Claimant first argues that the Board erroneously reversed the WCJ's determination that Claimant established causation of a work-related right knee medial meniscal tear. Specifically, Claimant contends that the Board improperly reevaluated

_____

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

2

the WCJ's credibility determinations under the guise of a legal competency analysis. We disagree.

> The Board opined:
>
> With respect to the right medial meniscal tear, we agree with [Employer] that its causal relationship to the work incident has not been established by competent evidence. The torn meniscus did exist, as seen on the MRI and during the arthroscopic surgery. However, it is not obviously work-related given that the evidence in this case shows that Claimant's torn meniscus was not diagnosed until approximately [nine] months post-injury[;] meniscal tears can be degenerative, and traumatic ones are associated with a twisting motion. Therefore, Claimant needed to establish causation through competent, unequivocal medical evidence.

Board Op. at 9. The law is well-settled that "[w]hile an expert witness may base an opinion on facts of which he has no personal knowledge, those facts must be supported by evidence of record." *Newcomer v. Workmen's Comp. Appeal Bd. (Ward Trucking Corp.)*, 692 A.2d 1062, 1066 (Pa. 1997).

Here, Claimant's treating orthopedic surgeon Walter Dearolf, III, M.D. (Dr. Dearolf) testified:

> Q And, Doctor, following the history provided to you by [Claimant] regarding the injury and the mechanism of injury and your physical examination and your review of the MRI scan, were you able to formulate an initial impression?
>
> A Yes, sir. It was my opinion that she had sustained a tear of her medial meniscus in the right knee.

Reproduced Record (R.R.) at 127a. Dr. Dearolf explained: "Any type of twist can lead to a meniscal tearing." R.R. at 140a. On cross-examination, Dr. Dearolf expounded:

> Q Now, did I hear you right when you said a twisting incident can cause a tear; is that fair?

3

A That's correct.

Q So is it your testimony that [Claimant] twisted her right knee as a result of this fall on May 6, 2014?

A No, sir. I'm just saying that I have a history that she injured her left foot when she fell over a hydraulic jack and landed on both knees.

Q Did [Claimant] ever tell you that she twisted her left knee of [sic] this incident of May 6, 2014?

A I don't have any documentation of that, no.

Q But you would expect that to have occurred if she sustained a tear as a result of the fall, isn't that fair?

A **When someone trips or falls over their** [sic] **foot and goes down, there is normally some element of twisting to it**. She landed on both knees. I don't know, I wasn't there when it happened. I can only go by the history that is provided to me by the patient.

Q I understand. **But you would expect that her knee would have twisted before she fell to the ground in order to sustain the meniscus tear in the fall**; **is that right?**

A **Right**. **With injuring her ankle and going over on the foot, I would assume both knees could have twisted, yes**.

R.R. at 149a-150a (emphasis added).

However, Claimant expressly declared:

Q. Ma'am, just so I am clear as to how you fell, you said you grabbed the safety bar coming off the curb and that is when you fell?

A. Yes.

Q. When you fell, you fell forward; is that correct?

A. Honestly, all I know is, the next thing I know, I was on all fours.

Q. You don't know if you fell forward or backward?

4

A. Obviously I fell forward. I just don't know how. It seemed like I stepped on something, and then the next thing I know, I was on all fours.

Q. **Did you twist your ankle at all before you fell to the ground**?

A. **No.**

Q. **Did you twist your right knee at all before you fell to the ground**?

A. **No.**

Q. **Did you twist any part of your body before you fell to the ground**?

A. Like I said, I felt like I stepped on something, and my foot just seemed to kind of roll, and the next thing I know, I was on the ground.

R.R. at 44a-45a (emphasis added).

Claimant's testimony with respect to her fall "simply do[es] not support [Dr. Dearolf's opinion]. In short, . . . [t]he expert opinion lacked, therefore, a competent foundation in the evidence of record." *Newcomer*, 692 A.2d at 1066. Accordingly, the Board did not err by reversing the WCJ's determination that Claimant established causation of a work-related right knee medial meniscal tear.

Claimant next asserts that the Board erroneously reversed the WCJ's award of unreasonable contest fees relating to Employer's Termination Petition. Specifically, Claimant maintains that the Board improperly found Employer's expert, John R. Donahue, M.D. (Dr. Donahue), competent.

The Board opined:

The WCJ concluded that [Employer's] contest of the Termination Petition was not reasonable because Dr. Donahue's testimony was incompetent in that he was not aware of the work injury accepted by [Employer] on the NCP (left ankle fracture and contusions of both knees) and

5

failed to address all three accepted work injuries. . . . [Employer's] contest was otherwise reasonable. . . .

We conclude that the WCJ erred in concluding that [Employer's] evidence was not sufficient to make its contest reasonable with respect to the Termination Petition. A medical expert need not necessarily believe that a particular work injury actually occurred. The doctor's opinion of recovery is competent if he opines that, assuming an injury existed, it resolved by the time of the examination. *To v.* [*Workers' Comp. Appeal Bd.*] *(Insaco, Inc.)*, 819 A.2d 1222, 1225 (Pa. Cmwlth. 2003). Dr. Donahue had not seen the NCP and diagnosed Claimant's work injury as left ankle sprain with fracture and a right knee contusion. He did not believe there was ever a left knee injury. Nevertheless, he examined the left ankle and both knees and opined that Claimant fully recovered from any injuries she may have sustained in the fall. His examination of the left knee was objectively normal and he acknowledged some mild chondromalacia in the left knee but opined that it was degenerative, not work-related. His opinion of recovery was legally sufficient. We note that Dr. Dearolf agreed that the original knee contusions had resolved. Because Dr. Donahue's testimony, if found credible, could have supported a termination of benefits, [Employer's] contest was reasonable in its entirety and the WCJ erred in awarding attorney's fees.

Board Op. at 12-13. Claimant contends that because "Dr. Donahue flatly and repeatedly denied a left knee injury resulted from the May 2014 fall, although Employer had already accepted a left knee injury, albeit a mere contusion[, u]nder the law, this renders Dr. Donahue's testimony as to full recovery of all work-related conditions non-competent." Claimant Br. at 26.

Indeed, Dr. Donahue testified that his diagnosis for Claimant, based on his physical examination, his years as an orthopedic surgeon, his review of the medical records and Claimant's diagnostic films, was "[c]ontusion right knee, sprain, bruising left ankle." R.R. at 232a. However, having fully examined **both** of

6

Claimant's knees, *see* R.R. at 217a-218a, and Claimant's **left knee** MRI, *see* R.R. at 227a-228a, Dr. Donahue opined:

> Q. Do you believe that [Claimant] has fully recovered from **any injuries** that she may have sustained as a result of the May 6, 2014 fall?
>
> A. Yes, she absolutely has.
>
> Q. And Doctor, do you believe that [Claimant] is capable of returning to work, full duty without any restrictions?
>
> A. Yes, absolutely.

R.R. at 232a-233a (emphasis added). Thus, Dr. Donahue's testimony was competent to support Employer's Termination Petition. *See Jackson v. Workers' Comp. Appeal Bd. (Res. for Human Dev.)*, 877 A.2d 498 (Pa. Cmwlth. 2005) (employer's medical expert's testimony was sufficient to support a termination of benefits, notwithstanding the doctor's expressed belief that the claimant never sustained the injury acknowledged in the parties' stipulation, because he testified that had the claimant suffered the work injury, it resolved); *To,* 819 A.2d at 1225 (employer's medical expert's testimony was sufficient to support a termination of benefits, notwithstanding the doctor's expressed belief that the claimant never sustained the injury acknowledged in the NCP because he testified claimant had made a full and complete recovery "from **any** injury" he may have sustained in the course of his employment) (emphasis added). Accordingly, the Board did not err by reversing the WCJ's award of unreasonable contest fees as to Employer's Termination Petition.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Therese LaSalle,                       :
                      Petitioner       :
                                       :
          v.                           :
                                       :
Workers' Compensation Appeal           :
Board (Pennsylvania Turnpike           :
Commission),                           :     No. 1898 C.D. 2017
                      Respondent       :


# O R D E R

AND NOW, this 24th day of July, 2018, the Workers' Compensation Appeal Board's November 28, 2017 order is affirmed.


_____
ANNE E. COVEY, Judge