Donna Curry,                              :
                        Petitioner        :
                                          :
            v.                            :
                                          :
Workers' Compensation Appeal              :
Board (Tot Time Child Development),       :    No. 103 C.D. 2020
                        Respondent        :    Submitted: August 28, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: November 18, 2020


            Donna Curry (Claimant) petitions this Court for review of the Workers'
Compensation (WC) Appeal Board's (Board) January 8, 2020 order affirming
Workers' Compensation Judge (WCJ) Karen A. Wertheimer's (Wertheimer) decision
granting Tot Time Child Development's (Employer) Petition to Terminate
Compensation Benefits (Termination Petition) and dismissing as moot Claimant's
Petition for Review of Utilization Review (UR) Determination (UR Petition).
Claimant presents two issues for this Court's review: (1) whether WCJ Wertheimer
erred by granting Employer's Termination Petition; and (2) whether WCJ Wertheimer
erred by failing to make a corrective amendment to Claimant's work injury description.
After review, we affirm.

            Claimant sustained injuries during the course and scope of her
employment with Employer on January 27, 2010. Employer issued a Notice of
Compensation Payable (NCP), therein describing her injury as a low back
strain/contusion, and paid indemnity benefits accordingly. In 2010, Claimant filed a

Petition to Review Compensation Benefits (Review Petition) to amend her NCP to include injuries to her middle back, neck, right shoulder, right elbow and right knee. On August 9, 2011, WCJ Joseph Stokes (WCJ Stokes) granted Claimant's Review Petition and amended Claimant's injury description to include a cervical sprain and strain, dorsal sprain and strain, right cervical and lumbar radiculitis, right knee pain, right shoulder contusion and sprain, and right elbow lateral epicondylitis. WCJ Stokes further determined that Claimant fully recovered from her cervical sprain, right elbow injury, and right shoulder injury.

On January 13, 2017, Employer filed the Termination Petition, alleging that Claimant fully recovered from the remainder of her work injuries and was capable of returning to work without restrictions as of December 8, 2016. Employer also filed a UR request to determine if Claimant's treatment with Charles H. Durr, D.C. (Dr. Durr) from January 31, 2017, and ongoing, was reasonable and necessary. On May 12, 2017, reviewing chiropractor, Jane L. McBride, D.C. (Dr. McBride), issued a UR determination (UR Determination), concluding that the documentation was inadequate to support that Dr. Durr's treatments were reasonable and necessary care for Claimant's work injuries. Specifically, Dr. McBride opined that established treatment guidelines approved a six-month regimen for treatment; however, Claimant had been treating since April 2011, and was well beyond the guideline period. On May 18, 2017, Claimant filed the UR Petition, requesting review of the UR Determination.

On November 16, 2018, WCJ Wertheimer granted Employer's Termination Petition and dismissed Claimant's UR Petition as moot. WCJ Wertheimer found that Claimant's work injuries were limited to those previously acknowledged by WCJ Stokes' 2011 decision, and that Claimant had fully recovered from those injuries as of December 8, 2016. As the UR Petition addressed treatment rendered after the date Claimant was determined to be fully recovered, WCJ Wertheimer concluded the

2

UR Petition was moot.  Claimant appealed to the Board.  On January 8, 2020, the Board affirmed WCJ Wertheimer's decision.  Claimant appealed to this Court.[1]

Claimant argues that WCJ Wertheimer erred by granting Employer's Termination Petition.  Initially,

> '[t]o succeed in a termination petition, an employer bears the burden of proving by substantial evidence that a claimant's disability ceased, or any remaining conditions are unrelated to the work injury.' *Westmoreland* [*Cty*]. *v. Workers' Comp. Appeal Bd. (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2008) (emphasis added).  The burden is substantial since disability is presumed to continue unless and until prove[n] otherwise.
>
> > In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.  If the WCJ credits this testimony, the termination of benefits is proper.
>
> *Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.)*, . . . 705 A.2d 1290, 1293 ([Pa.] 1997) (footnote omitted . . . ).

*Baumann v. Workers' Comp. Appeal Bd. (Kellogg Co.)*, 147 A.3d 1283, 1289-90 (Pa. Cmwlth. 2016) (citation and emphasis omitted).

Claimant first asserts that WCJ Wertheimer did not use the controlling description of Claimant's work injury, as determined in WCJ Stokes' August 9, 2011 decision (WCJ Stokes' Decision).  Specifically, Claimant contends that WCJ Stokes

---

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

included medial compartment and patellar chondromalacia aggravated by the work injury in his expanded description. Claimant asserts that, because WCJ Stokes stated in his order that the injuries are listed in the Findings of Fact and Conclusions of Law, and "Finding of Fact No. 11 specifically states, *inter alia*, 'Dr. [Kevin B.] Freedman [(Dr. Freedman)] testified that his final diagnosis was medial compartment and patellar chondromalacia aggravated by [] Claimant's work accident of January 27, 2010'[,]" that this description was part of Claimant's work-related injury. Claimant Br. at 13. The Court disagrees.

> WCJ Stokes expressly concluded:
>
> [] Claimant has met the burden of proof necessary to establish that in addition to the low back strain and contusion accepted by [Employer,] she has also suffered **a cervical sprain and strain, dorsal sprain and strain, right cervical and lumbar radiculitis, right knee pain, right shoulder contusion and sprain**[,] **and right elbow lateral epicondylitis** related to the employment incident of January 27, 2010.

Certified Record (C.R.) Item 18 (WCJ Stokes' Decision, Conclusion of Law 2) at 5 (emphasis added). Accordingly, WCJ Wertheimer declared: "The August 9, 2011 Decision and Order of [WCJ] Stokes added to the already accepted low back strain and contusion, **cervical sprain and strain, dorsal sprain and strain, right cervical and lumbar radiculitis, right knee pain, right shoulder contusion and sprain, and right elbow lateral epicondylitis**." Reproduced Record (R.R.) at 19a (WCJ Wertheimer Decision, Finding of Fact 1) (emphasis added). This Court discerns no error in this conclusion.[2]

---

[2] Employer contends that Claimant waived this issue by not raising it before the Board or in her Petition for Review. Although Claimant did not specifically list Finding of Fact 1 in her Board appeal, in both her Board appeal and her Petition for Review, she expressly argued that Employer's doctor failed to address the work-related injury of chondromalacia. Accordingly, Claimant sufficiently raised the issue therein.

Claimant next argues that Noubar A. Didizian, M.D.'s (Dr. Didizian) testimony is not competent because, although Dr. Didizian reviewed WCJ Stokes' description of the injury only 30 minutes before his deposition, he was not aware of the specific work-related injuries determined by WCJ Stokes at the time of his examination of Claimant.

Dr. Didizian explained:

Q. Okay. Doctor, for the purpose of the next question, okay, I will ask you to assume a description of injury found by [WCJ] Stokes in his August 9, 2011 decision. That [description] is[] [l]ow back strain and contusion, cervical strain and sprain, dorsal strain and sprain, right cervical and lumbar radiculopathy, right knee pain, right shoulder contusion and sprain and right elbow lateral epicondylitis. Did you understand that?

A. I have read that.

Q. Am I correct that was [WCJ] Stokes' description of injury that he rendered in his conclusion of law in the decision; is that correct?

A. Yes, sir.

Q. Doctor, just assuming that description of injury for the January 27, 2010 work injury and based on the history you took from [] [C]laimant, your physical examination of [] [C]laimant, your review of medical records[,] as well as the [UR] Determination pertaining to Dr. Durr, do you have an opinion within a reasonable degree of medical certainty as to whether as of December 8, 2016, [] [C]laimant had fully recovered from her January 27, 2010 work injury?

A. I did.

Q. Doctor, do you have an opinion?

A. I do have an opinion, yes.

Q. And what is that opinion?

5

A. My opinion is at the time of my examination of December 8[], 2016[,] was she was fully recovered from the injuries that she sustained on 1-27-2010.

Q. Okay. Doctor, those injuries as described by [WCJ] Stokes; is that correct?

A. Yes.

Q. Doctor, please explain the reason for your opinion.

A. The reason for my opinion is that I also should mention that I agree on the conclusions said that [C]laimant did fully recover from her cervical sprain, right elbow, [sic] right shoulder injuries too. If I go one by one, low back strain and contusion. This is a self-limiting entity. It healed with some care, some medication, some therapy and she benefits from all that. And at the time of my examination, I did not find any evidence of back strain or contusion.

This is also true of the cervical strain and sprain which [WCJ Stokes] said she was recovered from. Dorsal strain and sprain, she did not even have complaints of the dorsal area to me.

As far as right cervical and lumbar radiculitis, that means the patient is saying I have pain going down my arm and my leg. Right cervical [electromyography (]EMG[)] ruled out for any kind of cervical radiculopathy or radiculitis. Also, there was no evidence of any EMG findings to indicate there was lumbar nerve root involvement.

Right knee pain is a subjective complaint. Right shoulder contusion and sprain, [WCJ Stokes] said she had recovered from that. This is also true of the right elbow.

So by elimination, the time factor between the injury and my examination of December 8[], 2016; the time factor between [WCJ Stokes'] decision and my evaluation of December 8, 2016; put them all together, I came to the conclusion she was fully recovered from the work-related injury of 1-27-2010.

Q. Okay. And, Doctor, how did your physical examination factor into these opinions?

6

A. It factored a lot. Individually I examined every joint. And there was no evidence of ongoing acute pathology in those anatomic areas.

Q. Doctor, you examined every body part that was contained in the description of injury?

A. And more, yes.

Q. You found no evidence of ongoing work-related pathology?

A. That's correct.

R.R. at 233a-237a.

Thus, notwithstanding whether Dr. Didizian was aware of WCJ Stokes' description of Claimant's work injuries before he examined her or that he became aware of the description only 30 minutes before his deposition, Dr. Didizian unequivocally testified that Claimant recovered from the specific work-related injuries specified by WCJ Stokes. The Court concludes that Dr. Didizian's testimony that Claimant fully recovered from her work injuries is competent. Accordingly, the Board did not err by affirming WCJ Wertheimer's decision granting Employer's Termination Petition.

Claimant next argues that WCJ Wertheimer erred by failing to make a corrective amendment to Claimant's work injury description. At the outset, the Pennsylvania Supreme Court has explained:

It should [] be noted that the language of Section 413(a) [of the WC Act[3]] is discretionary - a [WCJ] 'may' at any time correct a notice of compensation payable. 77 P.S. § 771. The Legislature therefore contemplated that there are circumstances in which it would be inappropriate for a [WCJ] to direct a corrective amendment of a notice of compensation payable, including in a termination proceeding. . . . Additionally, **the burden rests with**

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.1; 2501-2710.

7

**claimants to establish the existence of additional compensable injuries giving rise to corrective amendments, regardless of the procedural context in which the amendments are asserted**.

*Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577, 582 (Pa. 2009) (emphasis added; citations omitted).

Claimant asserts that her work injury description should have been amended because her treating physician Richard J. Mandel, M.D. (Dr. Mandel) testified that Claimant had ongoing lumbar myofascitis, right lumbar radiculopathy with disc protrusions at L5-S1 and bulges at L4-5 and L3-4 with severe spinal stenosis, and re-tear of the medial meniscus superimposed on underlying osteoarthritis.

"The law is well-settled that '[t]he WCJ has exclusive authority to act as fact finder, determine credibility of witnesses, and weigh the evidence.'" *Rogele, Inc. v. Workers' Comp. Appeal Bd. (Hall)*, 198 A.3d 1195, 1204 (Pa. Cmwlth. 2018) (quoting *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014) (citation omitted)). Here, WCJ Wertheimer expounded:

> The undersigned has carefully and thoroughly reviewed the testimony of Dr. Didizian and Dr. Mandel and finds [the] testimony of Dr. Didizian more competent, credible, and consistent than that of Dr. Mandel. There was much testimony regarding conditions that are not accepted and no Petition to Review Compensation Benefits was filed. Dr. Didizian opined that Claimant fully recovered from her cervical and dorsal sprains and strains, and Claimant rendered no complaints about those conditions. There was also no evidence of cervical or lumbar radiculopathy on Claimant's EMGs. The remaining accepted injuries were also recovered. With regard to the conditions not accepted, Dr. Didizian credibly opined that the findings on objective studies would have taken years to develop. With regard to the progressing lumbar spine pathology, although Dr. Mandel originally attributed it to the work[-]related incident, he was compelled to agree that it could have been related to

8

the injury in part, and then, that no injury was necessary to have the objective findings Claimant has. He also was inconsistent with describing the affected discs as herniations and then bulges. With regard to the knee, it is impossible to accept the opinion that the meniscus tear is necessarily included with the diagnosis of strain and sprain. Therefore, the original meniscus tear, which was not seen on [the magnetic resonance imaging], and the subsequent re-tear are both not work related.

R.R. at 22a.

Because it was within WCJ Wertheimer's province to determine credibility, and WCJ Wertheimer did not accept Dr. Mandel's testimony, the Board did not err by affirming WCJ Wertheimer's decision not to amend Claimant's work injury description.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Curry, :
                              Petitioner :
                                       :
                v. :
                                         :
Workers' Compensation Appeal :
Board (Tot Time Child Development), : No. 103 C.D. 2020
                          Respondent :

## O R D E R

AND NOW, this 18th day of November, 2020, the Workers'
Compensation Appeal Board's January 8, 2020 order is affirmed.


_____
ANNE E. COVEY, Judge